Since we are of the opinion that the judgment in its present posture is not appealable, and that we are without jurisdiction to consider the merits, the cause must be and is remanded to the court below. If that court shall see fit to make the determination and direction referred to and render judgment in conformity therewith, and if the present appellants should appeal to this court from that judgment,[7] we would deem it unnecessary to have the parties reprint briefs or to reprint so much of the present record as would be incorporated in a record on such new appeal; but such appeal if taken could be heard upon the present briefs and upon the present record supplemented by a record of the further proceedings taken upon remand in the district court.

Raymond A. Fox, Detroit, Mich., for petitioner.

H. Brian Holland, Kenneth W. Gemmill, Henry Kutz, Carolyn R. Just, Washington, D. C., for respondent.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

Upon consideration of the briefs and record in the above appeal, we are of the view that the taxpayers have failed to carry the burden of proof in overcoming the Commissioner's determinations sustained by the Tax Court. The findings of the court are supported by substantial evidence and are not clearly erroneous. Wherefore, it is the view of this court that the decision of the Tax Court should be affirmed upon its findings of fact and upon its memorandum opinion filed January 30, 1954.

Affirmed.

**STOUT et al.**

**v.**

**COMMISSIONER OF INTERNAL REVENUE.**

**No. 11941.**

United States Court of Appeals
Sixth Circuit.

Feb. 17, 1954.

**COMMISSIONER OF INTERNAL REVENUE**

**v.**

**SULLIVAN et al.**

**No. 14562.**

United States Court of Appeals
Fifth Circuit.

Feb. 23, 1954.

---

**7.** The time for appeal runs from the date of the "determination". Dyer v. MacDougall, 2 Cir., 201 F.2d 265, 267.