**In the Matter of James E. FAHEY.**
**Civ. A. No. 4037.**

United States District Court
W. D. Kentucky,
at Louisville.
Feb. 1, 1961.

William B. Jones, U. S. Atty., Louisville, Ky., pro se.

David W. Gray, Louisville, Ky., for James E. Fahey.

SHELBOURNE, District Judge.

This civil contempt proceeding was instituted by the United States Attorney, pursuant to Section 7604 of Title 26 U.S.C., to enforce a summons requiring the production of certain documents for examination by agents of the Internal Revenue Service. Section 7602 of Title 26 U.S.C., authorizes agents of the Internal Revenue Service to examine documents which may be relevant and material to the tax liability of any individual, and to summon anyone having possession of such documents and require such person to produce them.

Subsequent to the issuance of the Court's order to show cause why the summons should not be enforced entered on September 9, 1960, the respondent, James E. Fahey, entered his response to the order and moved the Court to quash the summons. A hearing was had before the Court on September 23, 1960, at which it was stipulated that the Internal Revenue Service is conducting an investigation of the tax liability and federal tax returns filed by Roderick G. Cooper and Dorothy M. Cooper, his wife. Testimony of witnesses for the respondent was heard and counsel for the parties were directed by the Court to file briefs. September 26, 1960, the respondent filed a motion for an order of the Court filing the affidavit of Roderick G. Cooper and tendered the affidavit, to which the United States filed its objections.

The action is now before the Court on respondent's motion to quash the summons requiring the production of certain documents for examination by the agents of the Internal Revenue Service and respondent's motion to file the affidavit of Cooper.

### Findings of Fact

From the stipulation, the testimony introduced at the hearing, and the briefs submitted by counsel, the Court makes the following findings of fact:

1. Roderick G. Cooper and Dorothy M. Cooper, his wife, residing on Wolf Pen Road, Prospect, Kentucky, also maintain a residence in Gulf Hills, Ocean Springs, Mississippi. Although residing part-time in the State of Mississippi, the joint federal income tax returns of Mr. and Mrs. Cooper for the years 1950–1958, inclusive, were filed with the District Director of Internal Revenue at Louisville, Kentucky.

2. S. E. Powell, a Certified Public Accountant of Biloxi, Mississippi, was employed by Mr. Cooper to prepare their federal income tax returns for the years 1957 and 1958. In the course of his employment, he was furnished various papers, statements, correspondence, and other material by the taxpayers to be used in the preparation of their returns. In preparing the returns Mr. Powell made certain compilations and summaries, which are known as an accountant's work papers. The work papers, copies of the returns, and information and material furnished by the Coop-

ers were kept on file in Mr. Powell's office until October 6, 1959.

3. During the year 1959, agents of the Internal Revenue Service at Louisville, Kentucky, began an investigation of the tax liability and federal tax returns filed by Roderick G. Cooper and Dorothy M. Cooper for the years 1950–1958, inclusive.

4. October 1, 1959, after Mr. and Mrs. Cooper learned of the Internal Revenue Service's investigation, they employed Paul M. Newton, an attorney of Hattiesburg, Mississippi, to represent them before the Treasury Department in connection with their federal income tax for the years in question. On October 28, 1959, the firm of Skaggs, Hays & Fahey, Louisville, Kentucky, of which James E. Fahey is a member, was retained by the taxpayers as additional legal counsel in connection with the investigation.

5. October 6, 1959, at the request of Mr. Cooper, S. E. Powell delivered to Mr. Cooper and Mr. Newton all documents in his possession used in the preparation of the Coopers' 1957 and 1958 tax returns, including his work sheets. This file received from Powell was delivered to Fahey by Newton on November 10, 1959, and has remained in Fahey's possession since that date.

The respondent contends that Powell, at the time he delivered the file to Cooper and Newton, had no intention of retaining any interest in it or of endeavoring to recover it; that Cooper is the owner of the documents, and that Cooper or his attorneys have had the file in their possession continuously since October 6, 1959. However, on June 17, 1960, Powell wrote the following letter to Fahey:

"This is to authorize you to turn my file of work papers, copies of returns, etc. intact pertaining to Rod Cooper or Roderick G. Cooper, over to any agent of the Internal Revenue Service at Louisville Kentucky. The file referred to is the file forwarded to your office by Mr.

Paul M. Newton, attorney at Hattiesburg, Mississippi on November 10, 1959.

"During a telephone conversation today with Miss Dansby of your office, Miss Dansby stated that my file is still in the possession of your firm."

6. May 3, 1960, Cooper received a summons to appear before Frank S. Coots, Special Agent of the Internal Revenue Service at Louisville on May 16, 1960, to give testimony relating to tax liability for the years 1950 to 1958, inclusive, and produce for examination certain books, records, and papers specifically designated in the summons. Cooper appeared on May 16, 1960, accompanied by Fahey, his attorney. Claiming the privilege of self-incrimination, Cooper refused to answer any questions and declined to produce the documents requested in the summons. The privilege claimed by Cooper was allowed and the Internal Revenue Service has made no further attempt to obtain these books and records.

7. June 20, 1960, the respondent Fahey received a summons to appear before Special Agent Coots on July 5, 1960, and produce for examination the following:

"Copies of the federal individual tax returns of the above-name persons (Roderick G. Cooper and Dorothy M. Cooper) and all workpapers, books, records, and memoranda of whatever nature included in the file of Mr. S. E. Powell, C.P.A., Biloxi, Mississippi, and transmitted to you on November 10, 1959, by Paul M. Newton, Attorney at Law."

Fahey appeared on July 5, 1960, in response to the summons but declined to produce the documents requested. He stated that he had been directed to reassert all of the taxpayers' constitutional rights and contended that the privilege of self-incrimination, previously claimed by Cooper and allowed by the Internal Revenue Service, extended to these documents.

## Conclusions of Law

This Court has jurisdiction of this proceeding. Title 26, Section 7604, U.S. C.

■ The Government has conceded in the proceedings against the Coopers that they are not required to produce papers and documents the contents of which might tend to incriminate them. Therefore, the first question to be determined in this case is whether or not the documents in the file delivered by the accountant Powell to Cooper and his attorney Newton, which are now in the possession of attorney Fahey, are the property of Cooper and whether he is protected by the Fifth Amendment in his failure to produce them. No privilege exists between an accountant and his clients which precludes the production of accountant's work papers. Sale v. United States, 8 Cir., 228 F.2d 682; United States v. Boccuto, D.C.N.J., 175 F.Supp. 886; Brody v. United States, 1 Cir., 243 F.2d 378.

Whether the respondent Fahey now has in his possession papers and documents belonging to his client, Cooper, which were not a part of the work papers of the accountant Powell was not fully disclosed upon the hearing in this Court. No statute, state or federal, has been cited in this proceeding which undertakes to protect as privileged communications between an accountant and a client.

■ The Court concludes in this case that Fahey should surrender to the agents of the Internal Revenue Service for examination by them the work papers of the accountant Powell, but that Fahey is not required to surrender to the agents the papers and documents in his custody belonging to Cooper. Should a controversy arise over the contents of Powell's file with respect to documents furnished him by Cooper and used in his work papers in the preparation of the Coopers' tax returns, the parties will notify the Court and the matter will be settled on further order of the Court.

The Court further concludes that the affidavit of Roderick G. Cooper tendered by respondent Fahey should be filed and made a part of the record in this proceeding.

An order will be entered in accordance with the conclusions set forth in this memorandum.