**In the Matter of James E. FAHEY.**
**G. C. HOOKS, District Director of Internal Revenue Service for the District of Kentucky, Petitioner-Appellee,**

v.

**James E. FAHEY, Respondent-Appellant.**
**No. 14558.**

United States Court of Appeals
Sixth Circuit.

Dec. 21, 1961.

Rehearing Denied April 10, 1962.

David W. Gray, of Skaggs, Hays & Fahey, Louisville, Ky., for appellant.

Joseph W. Howard, Washington, D. C., Louis F. Oberdorfer, Meyer Rothwacks, Daniel K. Mayers and K. William O'Connor, Washington, D. C., Wm. E. Scent, U. S. Atty., Louisville, Ky., on brief, for appellee.

Before SIMONS and MARTIN, Circuit Judges, and DARR, Senior District Judge.

DARR, Senior District Judge.

Appellant declined to produce documents and other papers named in a summons served on him, which summons had been issued by a special agent of the Internal Revenue Service under Section 7602 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7602. Appellee instituted proceedings to force compliance with the summons under authority of Section 7604 of the Internal Revenue Code of 1954. The District Judge required the appellant to produce a portion of the papers described in the summons and from a judgment based on these conclusions an appeal was taken.

To understand the problem, a brief review of the events leading up to the present controversy must be considered.

Roderick G. Cooper and wife resided on Wolf Pen Road, Prospect, Kentucky and also maintained a residence in Gulf Hills, Ocean Springs, Mississippi. The joint federal income tax returns of the Coopers for the years 1950–1958, inclusive, were filed with the District Director of Internal Revenue at Louisville, Kentucky.

A certified public accountant of Biloxi, Mississippi, S. E. Powell, was employed by Mr. Cooper to prepare the income tax returns for the years 1957 and 1958. To aid Mr. Powell in preparing the income tax returns, Mr. Cooper turned over to him a number of written records and papers and also imparted oral information.

In 1959, Internal Revenue agents began making inquiries about the Coopers' income tax returns, which caused Mr. Cooper, in September 1959, to call Mr. Powell to be present at a meeting with Mr. Cooper's lawyer, Paul M. Newton of Hattiesburg, Mississippi. Mr. Newton was a former attorney in the Internal Revenue Service and was familiar with income tax law.

On October 6, 1959, Mr. Newton met with Mr. Cooper, in Mr. Powell's office in Biloxi, Mississippi. After some discussion, Newton requested Powell to turn over the Cooper income tax file as he, the attorney, desired to familiarize himself with circumstances in the case. Mr. Powell delivered the file to Mr. Newton

in the presence of Mr. Cooper. The file contained (1) the documents and papers delivered by Mr. Cooper to Mr. Powell and (2) the sheets of paper on which Mr. Powell noted information and made calculations to be used in making the income tax returns, called "work sheets."

On November 10, 1959, Newton mailed the income tax file to James E. Fahey, who was a member of a firm of attorneys in Louisville, Kentucky, employed by Mr. Cooper as additional counsel.

On May 3, 1960, Mr. Cooper was served with a summons requiring him to disclose information about his income tax, especially by producing documents and papers. It is assumed these documents and papers included those in the Powell file. Mr. Cooper responded to the summons by claiming his constitutional privilege against self-incrimination. This claim was respected and no effort made to enforce this summons.

On June 17, 1960, Mr. Powell wrote the following letter to Mr. Fahey:

"This is to authorize you to turn my file of work papers, copies of returns, etc. intact pertaining to Rod Cooper or Roderick G. Cooper, over to any agent of the Internal Revenue Service at Louisville, Kentucky. The file referred to is the file forwarded to your office by Mr. Paul M. Newton, attorney at Hattiesburg, Mississippi on November 10, 1959.

"During a telephone conversation today with Miss Dansby of your office, Miss Dansby stated that my file is still in the possession of your firm."

On June 20, 1960, the summons sought to be enforced in this case was issued and served on Mr. Fahey, requiring him to produce for inspection the file of Mr. Powell which contained data on the Coopers' income tax returns for 1957 and 1958. Responding to the summons Mr. Fahey admitted the possession of the file and claimed that his possession, as attorney, was Mr. Cooper's possession and that, as to producing the contents of the file, Mr. Cooper had theretofore personally asserted his constitutional right against self-incrimination. Mr. Fahey did not produce the file.

District Judge Shelbourne prepared and filed findings of fact and conclusions of law, resulting in a determination "that Fahey should surrender to the agents of the Internal Revenue Service for examination by them the work papers of the accountant Powell, but that Fahey is not required to surrender to the agents the papers and documents in his custody belonging to Cooper."

The findings and conclusions made by Judge Shelbourne reflect that he found as a fact the work papers in the file belong to Mr. Powell, that possession of these papers by Mr. Fahey was temporary and this temporary possession was terminated by the letter of June 17, 1960. He concluded that, as a matter of law, no privilege existed between the accountant and Mr. Cooper which precluded the production of the accountant's work papers.

 The findings of fact made by the District Judge are based upon substantial evidence and will not be disturbed. Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. The conclusions of law are supported by authorities. Brody v. United States (C.A. 1), 243 F.2d 378; Sale v. United States (C.A.8), 228 F.2d 682; United States v. Boccuto (D.C.N.J.), 175 F.Supp. 886.

██ There is no constitutional privilege for incriminating evidence in the possession of another person, even though the information supporting the evidence was obtained from the accused and regardless of whether such evidence tends to incriminate the other person. Rogers v. United States (Colo.1951), 340 U.S. 367, 71 S.Ct. 438, 95 L.Ed. 306, 19 A.L.R.2d 378; Application of Patterson (S.D.N.Y.1954), 125 F.Supp. 881, reversed on other grounds United States v. Patterson, 2 Cir., 219 F.2d 659.

The judgment of the United States District Court is accordingly affirmed.