**Jack LUSTMAN and Ida Lustman, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 13658.**

United States Court of Appeals Third Circuit.

Argued Jan. 21, 1963.

Decided Aug. 22, 1963.

Jack Lustman, New York City, for petitioners.

Michael Smith, Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Arthur E. Strout, Attys., Dept. of Justice, Washington, D. C., on the brief), for respondent.

Before STALEY and SMITH, Circuit Judges, and SHAW, District Judge.

SHAW, District Judge.

Petitioner, Jack Lustman, appearing pro se, and hereinafter referred to as "the taxpayer," [1] seeks review of a decision of the Tax Court of the United States (Docket 61630) entered August 29, 1960, whereby it was determined as to the taxpayer and his wife, Ida Lustman, on joint returns filed by them for the years 1949 and 1950 that there were deficiencies in the tax liability reported for those years in the respective amounts of $14,728.78 and $1,809.92.

During the years in question, the taxpayer was the sole proprietor of a hosiery manufacturing business in Myerstown, Pennsylvania, conducted by him under the name of Myerstown Hosiery Mills.

1. Ida Lustman, wife of Jack Lustman, is a party solely by reason of the filing of joint returns.

He was also employed by the L. B. Hosiery Company, Inc., and was an officer of FAD Hosiery Mills. The income out of which tax liability arose was derived from the business conducted by him under the name of Myerstown Hosiery Mills, reported on an accrual basis, and his employment with L. B. Hosiery Company, Inc.

Certain deductions from gross income claimed for the years 1949 and 1950 as "ordinary and necessary expenses paid or incurred" [2] in the conduct of the business of Myerstown Hosiery Mills were disallowed by respondent, and the disallowance thereof was affirmed by decision of the Tax Court. These items of claimed deductible expense are:

### 1949

| | |
|---|---|
| Merchandise purchased for resale ............ | $31,897.00 |
| Miscellaneous manufacturing expense ......... | 819.00 |
| Auto and Travel expense .................... | 2,230.00 |
| Medical Deduction [3] ........................ | 1,642.22 |
| | |
| Total for 1949 ...................................... | $36,588.22 |

### 1950

| | |
|---|---|
| Commissions paid ......................... | 4,740.32 |
| Medical Deduction [3] ........................ | 112.04 |
| Auto Depreciation ......................... | 678.04 |
| | |
| Total for 1950 ...................................... | 5,532.40 |
| Total for 1949 and 1950 ............................ | $42,120.62 |

The taxpayer contends that the Tax Court erred in its affirmance of the disallowance by the respondent of the above-mentioned items of claimed expense and advances the further argument that he should be entitled to include in deductions for expense incurred during the years 1949 and 1950 the amount of $19,999.26, which he was compelled to pay to certain of his employees by Order of the National Labor Relations Board enforced by Decree of this Court [4] and subsequent Writ of Attachment issued September 13, 1954.

■ The determination of respondent had presumptive validity, and the burden of proof rested upon the taxpayer in the Tax Court to establish, from the evidence adduced there, that disallowance of the items of deductible expense claimed was erroneous. Botany Worsted Mills v. United States, 1929, 278 U.S. 282, 49 S.Ct. 129, 73 L.Ed. 379; Cotan Corp. v. Commissioner of Internal Revenue, 3 Cir. 1945, 147 F.2d 509; Brooks v. United States, 5 Cir. 1960, 280 F.2d 370; Hoffman v. Commissioner of Internal Revenue, 3 Cir. 1962, 298 F.2d 784.

2. Section 23(a) (1) (A), Internal Revenue Code, 1939.

3. Excess of such expense over 5% of adjusted gross income and dependent as to amount upon disposition of the other items of claimed deductible expense. Section 23(x), Internal Revenue Code, 1939.

4. Pursuant to decision and order of the National Labor Relations Board in the Matter of L. B. Hosiery, Co., Inc., and Lee

Maisel, d/b/a Myerstown Hosiery Mills, and American Federation of Hosiery Workers, Case No. 4-CA-59, issued March 10, 1950, enforced by Decree of this Court on per curiam opinion, dated March 1, 1951, reported at 3 Cir., 187 F.2d 335, and supplemental decisions and orders of the National Labor Relations Board issued in June, 1952, and on February 9, 1953, enforced by Decree of this Court dated January 16, 1954.

Section 7482 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7482, confers jurisdiction to review the decisions of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury."[5] It is the function of the Tax Court to resolve the issues of fact from the evidence, and, where the findings of fact made are not clearly erroneous but supported by substantial evidence, they will not be disturbed on review. Commissioner of Internal Revenue v. Erie Forge Co., 3 Cir. 1948, 167 F.2d 71; Stout, et al. v. Commissioner of Internal Revenue, 6 Cir. 1954, 210 F.2d 607; Commissioner of Internal Revenue v. Thompson, et al., 3 Cir. 1955, 222 F.2d 893; Wener v. Commissioner of Internal Revenue, 9 Cir. 1957, 242 F.2d 938; Wilbur Security Co. v. Commissioner of Internal Revenue, 9 Cir. 1960, 279 F.2d 657.

The taxpayer was unable to furnish business records or any other factual proof to substantiate the items of alleged business expense which had been disallowed by the Commissioner, with the exception of some testimony as to business use of his automobile and depreciation which he claimed on the basis of a three-year life. It did appear that the business records of Myerstown Hosiery Mills and L. B. Hosiery Company, Inc., had either been lost or destroyed and were not available to either of the parties. But these records had been made available to Nathan A. Remstein, an Agent of the Internal Revenue Service, Field Audit Division, in connection with an audit he made of the taxpayer's Amended 1949 and 1950 Income Tax Returns, and he, upon examination thereof, had made copies of certain entries which were offered as proofs in the nature of secondary evidence in respondent's case. It was on the basis of the audit conducted by this Agent that the items of expense in question here were disallowed.

In his Amended 1949 Tax Return, the taxpayer claimed as expense an item of "Merchandise Purchased for Resale" in the amount of $35,897 and an item of "Miscellaneous Manufacturing Expense" in the amount of $1,394.81. As far as may be gathered from the record as to these items of expense, it was the taxpayer's contention that the books and records kept during the years 1949 and 1950 would show that he made purchases of material from L. B. Hosiery Company, Inc., in partial payment for which he had transferred four 45-gauge hosiery knitting machines for which L. B. Hosiery Company, Inc., received preferred stock from FAD Hosiery, Inc., in the amount of $20,000.

Agent Remstein testified that, when he made his audit, there was no supporting data to be found in the records of Myerstown Hosiery to justify the claimed expense except journal entries which were not fully corroborated by reciprocal entries in the books of L. B. Hosiery Company, Inc. Though requested to do so, the taxpayer did not furnish any bills, invoices, or checks to verify the alleged expense. The absence of such supporting data for the total expense claimed caused the Agent to disallow the amount of $31,897 on the item of "Merchandise Purchased for Resale" and the amount of $819 on the item of "Miscellaneous Manufacturing Expense."

Commission expense in the amount of $6,210 was claimed in 1950 Income Tax Return. Here, again, it appeared that this expense arose out of interrelated activities of Myerstown Hosiery Mills and L. B. Hosiery Company, Inc., supported only by a journal entry on the books of Myerstown Hosiery Mills, but uncorroborated by reciprocal entries on the books of L. B. Hosiery Company, Inc. Though request was also made in this instance for other supporting data at the time of the examination, no vouchers, checks, or other records were produced. Because of the absence of factual data supporting the journal entry of Myerstown Hosiery Mills and the absence of corroborative data in the form of re-

---

5. Repetition of language set forth in Section 1141 of the 1939 Code, derived from Acts Feb. 26, 1926, c. 27, § 1001(a); June 7, 1934, c. 426, 48 Stat. 926.

ciprocal entries on the books of L. B. Hosiery Company, Inc., for the full amount of $6,210 claimed, $4,740.32 of that amount was disallowed.

The taxpayer claimed travel expenses in the amount of $2,293.51 for the year 1949, which was allowed. In addition thereto, he also claimed "Auto and travel expense" in the amount of $2,230, which was disallowed. Depreciation of his automobile for the year 1950 was computed on the basis of a three-year life, with the full amount allocated to business use. Respondent computed depreciation on the basis of a five-year life, allocating 50% to business use, which resulted in a disallowance of the amount of $678.04. Here, again, as with the other items of deductible expense claimed, the taxpayer offered no factual proof to substantiate his contention that respondent erred with respect to the amounts disallowed. The testimony of the taxpayer and of respondent's witness, Nathan A. Remstein, as to the auto and travel expense items is quoted as follows:

TESTIMONY OF JACK LUSTMAN:

"The Court: What about the auto and travel expense of $2230?

"The Witness: I substantiated that autmobile—

"The Court: I know, it is important now, and it is your burden to substantiate it here.

"The Witness: I see, sir. I had all this laid out before me, but I cannot answer. The only thing I can say is, I used the car for the business. I depreciated it in three years. If I used oil or any gasoline, I charged it to automobile expense. Everything was in the books and they had ample time to look everything over."

TESTIMONY OF NATHAN REMSTEIN:

"Q. Mr. Remstein, do you recall whether or not you disallowed any auto and travel expense? A. I did, for the year 1950.

"Q. Did you ask the petitioners to substantiate that item? A. I did.

"Q. Did they do so? A. No, sir.

"Q. What explanation did they give? A. For 1950, did you say?

"Q. My notes show 1949. A. They gave me no substantiation of this particular item.

"Mr. Lustman: I can't hear you, Mr. Remstein, please.

"The Witness: No substantiation of this particular item was given to me.

"The Court: Did they give you any explanation of it?

"The Witness: No, they just said it was spent on travelling, not compensated for, and so on.

"The Court: All right.

"By Mr. O'Connor:

"Q. Do you recall what action you took, if any, with regard to depreciation for 1950? A. I allocated the depreciation between business and personal, and allowed a five-year life.

"The Court: That is on the automobile?

"The Witness: That is on the automobile.

"By Mr. O'Connor:

"Q. Did you ask the petitioners to substantiate any basis they had for a greater amount of depreciation? A. I did. They didn't give me any further substantiation.

"The Court: What did you allocate to personal and business?

"The Witness: Fifty percent personal, and fifty percent business."

■ When the matter in issue is essentially one of proper accounting and the determination of such issue by the Tax Court has a reasonable basis in law and fact, it is not the function of the appellate court to disturb such determination. Dobson v. Commissioner of Internal Revenue, 1943, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248; Commissioner of Internal Revenue v. Wiesler, 6 Cir. 1947, 161 F.2d 997, cert. den. 332 U.S. 842, 68 S.Ct. 263, 92 L.Ed. 413.

■ Review of the evidence, and of the detailed findings of the Tax Court as to the probative value of the journal entries on the books of Myerstown Hosiery Mills and L. B. Hosiery Company, Inc., and of the related factual proofs adduced by the testimony leave no doubt that the decision of the Tax Court is well grounded on the evidence and that it should be sustained as to the disallowance of the claimed items of business expense above mentioned.

■ The taxpayer's contention that payment of $19,999.26 made in 1954 to employees, representing back pay for the years 1949 and 1950, was a liability incurred during those years is without merit in point of fact or law. The uncontroverted fact is that the liability was disputed by the taxpayer and did not become fixed, but remained contingent, until final adverse judgment subsequent to 1950. It is well settled as a matter of law that a deductible business expense cannot be claimed until the liability to pay it becomes fixed and certain. Dixie Pine Products Co. v. Commissioner of Internal Revenue, 1944, 320 U.S. 516, 64 S.Ct. 364, 88 L.Ed. 270; Security Flour Mills v. Commissioner of Internal Revenue, 1944, 321 U.S. 281, 64 S.Ct. 596, 88 L.Ed. 725; Rose v. United States, 3 Cir. 1958, 256 F.2d 223.

Mr. Justice Roberts, speaking for the Supreme Court, in Dixie Pine Products Co. v. Commissioner, supra, stated:

" * * * It has never been questioned that a taxpayer who accounts on the accrual basis may, and should, deduct from gross income a liability which really accrues in the taxable year. It has long been held that in order truly to reflect the income of a given year, all the events must occur in that year which fix the amount and the fact of the taxpayer's liability for items of indebtedness deducted though not paid; and this cannot be the case where the liability is contingent and is contested by the taxpayer. Here the taxpayer was strenuously contesting liability in the courts and, at the same time, deducting the amount of the tax, on the theory that the state's exaction constituted a fixed and certain liability. This it could not do. * * * "

His alternate contention that at least $10,000 of this item should be allowed for the year 1950 because he then made an offer to settle his liability for that sum is equally without merit. The offer was not accepted and, by reason of that fact, no liability to pay the amount offered was incurred during the year 1950.

Further contentions of the taxpayer presented for consideration here which merit some comment may be stated briefly as follows:

1. That he was induced, by misrepresentation of the Internal Revenue Service, to execute a waiver of the operation of the Statute of Limitations;

2. That the Tax Returns for the years 1949 and 1950 were prepared by a Certified Public Accountant and the taxpayer should not be responsible for any errors made;

3. That it was error to permit the taxpayer's accountant to testify for respondent because the information which was the subject of such testimony was confidential and privileged;

4. That Ida Lustman has no interest in the proceedings and should be eliminated as a party.

■ Reference is made in the petition filed below to the taxpayer's waiver of the operation of the Statute of Limitations, but the record does not indicate that the question of whether such waiver was voidable because of subsequent conduct of agents of the Internal Revenue Service had been raised in the Tax Court. Even assuming that the statement in the Petition filed below, directing attention to the fact that the taxpayer waived the operation of the Statute of Limitations, was sufficient to raise a question of voidable waiver, the fact remains that no proof was offered in support thereof and, consequently, the

question cannot be considered upon review here. United Business Corp. of America v. Commissioner, 19 B.T.A. 809, aff'd 2 Cir. 1933, 62 F.2d 754, cert. den. 290 U.S. 635, 54 S.Ct. 53, 78 L.Ed. 552.

The fact that Income Tax Returns are prepared for a taxpayer by a certified public accountant upon whom he relies does not relieve him of the consequences of error in failure to report the tax liability correctly. Hoboken Land & Improvement Co. v. Commissioner, 3 Cir. 1943, 138 F.2d 104.

Confidential communications between a client and an accountant are not generally recognized as privileged. There is no sanction for the privilege in common law. See 8 Wigmore, Evidence, § 2286 (McNaughton rev. 1961). And there is no state or federal statute applicable here which would confer such privilege. Moreover, where records relating to tax liability are the subject matter of inquiry, the Internal Revenue Code, Section 7602 (26 U.S.C.A. § 7602), negates any privilege which might otherwise exist. See Falsone v. United States, 5 Cir. 1953, 205 F.2d 734, cert. den. 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375; In the Matter of James E. Fahey, D.C.Ky.1961, 192 F.Supp. 492, aff'd 6 Cir. 1961, 300 F.2d 383.

It is conceded that the income tax returns filed for the years 1949 and 1950 were joint returns by the taxpayer, Jack Lustman, and his wife, Ida Lustman. Where a joint return is filed by husband and wife, liability by statute is joint and several. Section 51, 1939 Internal Revenue Code (26 U.S.C.A. § 51(b) (1)). Accordingly, there is no merit to the taxpayer's contention that his ex-wife, Ida Lustman, is not a proper party to the assessment of tax liability.

Allegations of the Petitioner, relating to approval of his financial records by Reconstruction Finance Corporation in granting a loan, harassment by the Internal Revenue Service, his good faith in attempting to effect a settlement of his tax liability, and advice allegedly given to him by an attorney employed by the National Labor Relations Board with respect to income tax liability are not material to any issue here and require no consideration.

The decision of the Tax Court will be affirmed.