UNITED STATES of America and John
B. Wright, Special Agent, Internal
Revenue Service, Petitioner,

v.

Melvyn R. BOWMAN, Respondent,
and

C. Galen Detwiler, Dale W. Detwiler, Emmert I. Detwiler, Paul I. Detwiler, New Enterprise Stone & Lime Co., Inc., New Enterprise Equipment & Supply Co., Inc., and Somerset Limestone Co., Inc., Respondent Intervenors.

Civ. No. 8650.

United States District Court
M. D. Pennsylvania.

Dec. 23, 1964.

NEALON, District Judge.

This action has been brought pursuant to Section 7402(b) of the Internal Revenue Code of 1954, for the purpose of judicially enforcing an Internal Revenue summons issued to Melvyn R. Bowman, as resident partner of the accounting firm of Main, LaFrentz and Company.

The summons herein involved was issued by the petitioner, John P. Wright, Special Agent of the Internal Revenue Service, on May 20, 1964, in connection with an investigation by the Internal Revenue Service of the tax liabilities of New Enterprise Stone & Lime Company for the years 1956 through 1962, and directed respondent to produce for examination certain work papers, schedules, memoranda, correspondence and accounting reports prepared by his firm for said company. On June 2, 1964, the respondent, Melvyn R. Bowman, appeared in response to the summons, but refused to comply, relying on the provisions of Title 63 of Purdon's Pennsylvania Statutes Annotated, Section 9.11a, which makes communications between an accountant and his client privileged.

A hearing was held before this Court on October 2, 1964, and at that time C. Galen Detwiler, Dale W. Detwiler, Emmert I. Detwiler, Paul I. Detwiler, all brothers, and New Enterprise Stone & Lime Company, Inc., New Enterprise Equipment & Supply Company, Inc., and Somerset Limestone Company, Inc., of which corporations the Detwiler brothers are the sole stockholders, were allowed to intervene. The documents requested in the summons pertain to the above-mentioned corporations. The respondent, Melvyn R. Bowman, argued that his refusal to comply with the summons was justified in light of the Accountant-Client Privilege in Pennsylvania and, in the alternative, that the summons issued is too broad and too vague and, therefore, should be set aside. The intervening respondents contend that the Accountant-Client Privilege applies and, also, that their rights under the Fourth and Fifth Amendments of the United States Constitution and under the provisions of

---

Bernard J. Brown, U. S. Atty., Scranton, Pa., Stephen G. Fuerth, U. S. Dept. of Justice, Washington, D. C., for plaintiff.

Daniels, Swope & Snyder, Harrisburg, Pa., for respondent.

Michael von Moschzisker, of Wolf, Bloch, Schorr & Solis-Cohen, Philadelphia, Pa., for respondent-intervenors.

§ 7605 of the Internal Revenue Code of 1954 would be violated if obedience to the summons was ordered.

The first question raised by both the respondent and respondent-intervenors is whether or not the State-created privilege of confidential communications between a Certified Public Accountant and his client is applicable in an investigation before a Special Agent of the Internal Revenue Service. The Pennsylvania Statute relating to the privilege reads as follows:

"§ 9.11a  Privileged communication

"Except for permission of the client or person or firm or corporation engaging him or the heirs, successors or personal representatives of such client or person or firm or corporation, a certified public accountant or a person employed by a certified public accountant shall not be required to, and shall not voluntarily, disclose or divulge information of which he may have become possessed relative to and in connection with any professional services as a certified public accountant other than the examination of audit of or report on any financial statements, books, records or accounts, which he may be engaged to make or requested by a prospective client to discuss. The information derived from or as the result of such professional services shall be deemed confidential and privileged: Provided, however, That nothing herein shall be taken or construed as modifying, changing or affecting the criminal or bankruptcy laws of this Commonwealth or of the United States. 1947, May 26, P.L. 318, § 11.1, added 1961, Sept. 2, P.L. 1165, § 8."

The respondent and respondent-intervenors contend that just as the confidential relationship between attorney and client is recognized in both State and Federal proceedings, so, too, should the accountant-client relationship be equally recognized. In support of his argument, the respondent relies on Baird v. Koerner, Special Agent, Internal Revenue

Service, 279 F.2d 623, 95 A.L.R.2d 303 (9th Cir. 1960). The petitioner, on the other hand, asserts that a State evidentiary statute is not applicable to a Federal administrative proceeding which is being conducted pursuant to the provisions of Section 7602 of the Internal Revenue Code of 1954. In support of this argument the petitioner cites Falsone v. United States, 205 F.2d 734 (5th Cir. 1953), certiorari denied 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375; In Re Albert Lindley Lee Memorial Hospital, 209 F.2d 122 (2d Cir. 1953); F. T. C. v. St. Regis Paper Co., 304 F.2d 731 (7th Cir. 1962).

The law is clear that investigations by Federal administrative agencies are not judicial proceedings and are not, therefore, restricted by rules of evidence applicable in courts of law. In Re Albert Lindley Lee Memorial Hospital (supra); In Re Colton v. United States, 306 F.2d 633 (2d Cir. 1962). Furthermore, "(i)nvestigators for federal purposes may not be prevented by matters depending upon state law." United States v. Murdock, 284 U.S. 141, 149, 52 S.Ct. 63, 64, 76 L.Ed. 210 (1931). In the case at bar the respondent's papers are being summoned by an administrative agency of the Federal government. Such an investigation is not a judicial proceeding to which a State evidentiary statute should apply. Moreover, it is well established that there is no accountant-client privilege recognizable in the Federal system. Petition of Borden Co., 75 F.Supp. 857 (E.D.Ill.1948); United States v. Culver, 224 F.Supp. 419 (D.C. Md.1963); In Re Kearney, 227 F.Supp. 174 (S.D.N.Y.1964). In recent years legislation has been enacted in several States extending the privilege to accountants, journalists and psychologists, but in none of these instances have the Federal Courts given recognition to the State-created privilege.

In Falsone v. United States (supra), the Court refused to apply the accountant-client privilege, provided by the Florida statute, to a proceeding before an Internal Revenue Agent. The Court

noted that "the system of rules of evidence in force for trials by jury or even in courts of equity is not applicable, either by historical precedent, or by sound practical policy, to inquiries of fact determinable by administrative tribunals or officers." The Federal Courts of Illinois have refused to recognize the accountant statute for the reason that "to do so would result in a frustration of the Federal Government's performance of a necessary investigatory function." See F. T. C. v. St. Regis Paper Co. (supra) and also, Petition of Borden Co. (supra).

The Court of Appeals for the Third Circuit has not had an opportunity to pass on the question of the applicability of Pennsylvania's statute involved herein, but in the recent case of Lustman v. C. I. R., 322 F.2d 253 (3d Cir. 1963), Falsone v. United States (supra) was cited with approval. The Court noted as follows:

"Confidential communications between a client and an accountant are not generally recognized as privileged. There is no sanction for the privilege in common law. See Wigmore, Evidence, § 2286 (McNaughton rev. 1961). And there is no state or federal statute applicable here which would confer such privilege. Moreover, where records relating to tax liability are the subject matter of inquiry, the Internal Revenue Code, Section 7602 (26 U.S.C.A. § 7602), negates any privilege which might otherwise exist. See Falsone v. United States, 5 Cir. 1953, 205 F.2d 734, cert. den. 346 U.S. 864, 74 S.Ct. 103, 98 L.Ed. 375; In the Matter of James E. Fahey, D.C.Ky.1961, 192 F.Supp. 492, aff'd 6 Cir. 1961, 300 F.2d 383."

In my opinion, the decision in the Falsone case (supra) is based on sound and logical reasoning. The great weight of authority appears to be in agreement with it. Indeed, Professor Wigmore has cautioned against the expansion of privileges, stating:

"For more than three centuries it has now been recognized as a fundamental maxim that the public (in the words sanctioned by Lord Hardwicke) has a right to every man's evidence. When we come to examine the various claims of exemption, we start with the primary assumption that there is a general duty to give what testimony one is capable of giving, and that any exemptions which may exist are distinctly exceptional, being so many derogations from a positive general rule. * * *

" * * * The investigation of truth and the enforcement of testimonial duty demand the restriction, not the expansion, of these privileges. They should be recognized only within the narrowest limits required by principle. Every step beyond these limits helps to provide, without any real necessity, an obstacle to the administration of justice." 8 Wigmore on Evidence (3d ed.), Sec. 2192, pp. 64, 67.

Therefore, it is the conclusion of this Court that the Pennsylvania accountant-client privilege does not extend to an accountant summoned by a Special Agent of the Internal Revenue pursuant to the authority of Section 7402(b) of the Internal Revenue Code of 1954.

Next, the respondents argue that the summons issued by the petitioner is too broadly stated and too vague in its content and should, therefore, be set aside. The summons reads as follows:

"All work papers, schedules, memorandums, correspondence and accounting reports prepared by your company in connection with your audit of:

New Enterprise Stone and Lime Co., Inc.
New Enterprise Equipment and Supply Co., Inc.
Somerset Limestone Co., Inc.

for the years 1956 through 1962, inclusive."

Section 7603 of the Internal Revenue Code of 1954 states, in part, that "(w)hen the summons requires the pro-

duction of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty." 26 U.S.C.A. § 7603. The papers requested are those prepared by the respondent-accountants in connection with their audit of the taxpayers' business. In my opinion, the wording of the summons described with reasonable certainty the material requested of the respondent by the petitioner, Special Agent Wright. Respondent apparently fears that the summons lays open his files to the inquisitive eye of the petitioner, including purely personal material, such as inter-office memoranda. Petitioner denies any such intention and concedes that if he requests a particular item that is not relevant or material, then respondent may make a specific objection to that item and the Court may modify the summons. However, there is no specific objection before the Court for ruling at this time.

The intervening respondents further argue that their rights under the Fourth and Fifth Amendments would be violated if the summons is enforced. They contend that the summons was issued by a Special Agent of the Internal Revenue Service and, ipso facto, is a search for evidence of a crime, which violates the Fourth Amendment. Initially, it appears doubtful that the intervening taxpayers have standing to raise the objection, since it was the respondent upon whom the summons was served. See Zimmerman v. Wilson, 105 F.2d 583, 586 (3d Cir. 1939); Foster v. United States, 265 F.2d 183, 187 (2d Cir. 1959); DeMasters v. Arend, 313 F.2d 79, 85 (9th Cir. 1963).

■ However, aside from the lack of standing, it is untenable, in my opinion, to equate the enforcement order here under consideration with an unreasonable search and seizure. See Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 195, 66 S.Ct. 494, 90 L.Ed. 614. Section 7602 authorizes the examination of books and witnesses for the purpose of "ascertaining the correctness" of an income tax return. The fact that a possible criminal prosecution may result from the examination and the Commissioner of Internal Revenue delegates a Special Agent to conduct the investigation does not necessarily mean that there will be a criminal prosecution. This point was set down in Boren v. Tucker, 239 F.2d 767 (9th Cir. 1956), when the Court said, at page 772:

"While it is true that once a possible criminal prosecution comes into existence there can be no settlement of tax until that possibility has been ruled out, yet the existence of the possibility of criminal prosecution does not necessarily mean that there will be criminal prosecution. The ultimate decision may be, (1) civil liability for the correct tax, (2) liability for the tax plus penalty, (3) criminal prosecution, or (4) both the penalty and the criminal prosecution. Helvering v. Mitchell, supra; 26 U.S.C.A. § 6653(b), 7201 et seq."

Judge Willson of the United States District Court for the Western District of Pennsylvania, in a Memorandum dated June 24, 1964, rejected this same argument asserted by the intervening respondents in a case involving the taxpayers' records.

Therefore, compliance with the aforementioned summons does not violate the intervening respondents' rights under the Fourth Amendment.

■ The argument asserted by the intervening respondents under the Fifth Amendment also must fall. First, the privilege against self-incrimination is personal in nature and cannot be raised by a party not in possession of the subject matter of the summons. See In Re Fahey, 300 F.2d 383 (6th Cir. 1961). There is no allegation by the intervening taxpayers of any title to the records in question. Secondly, assuming arguendo that respondent-intervenors could assert the privilege, it would be to no avail. The Supreme Court of the United States has held that the privilege against self-incrimination does not extend to a corporation; it is a personal privilege which can be raised by individuals alone. See

Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906); Wheeler v. United States, 226 U.S. 478, 33 S.Ct. 158, 57 L.Ed. 309 (1913); Grant v. United States, 227 U.S. 74, 33 S.Ct. 190, 57 L.Ed. 423 (1913); United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944).

Finally, this Court cannot agree with the contention of the intervening respondents that the provisions of § 7605 (b) of the Internal Revenue Code of 1954 would be violated if the summons was complied with. The intervening respondents rely on the decision of United States v. Powell, 325 F.2d 914 (1963), in which the Third Circuit Court of Appeals held that this provision of the Internal Revenue Code "means that the court shall decide on the basis of the showing made in the normal course of an adversary proceeding whether the agent's suspicion of fraud is reasonable." This holding was reversed by the United States Supreme Court in its recent opinion 85 S.Ct. 248 dated November 23, 1964. Mr. Justice Harlan, writing for the Court, held "that the Government need make no showing of probable cause to suspect fraud unless the taxpayer raises a substantial question that judicial enforcement of the administrative summons would be an abusive use of the court's process, predicated on more than the fact of re-examination and the running of the statute of limitations on ordinary tax liability." Later on in this opinion the Court stated:

> "Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation. *The burden of showing an abuse of the court's process is on the taxpayer * * *.*" (Emphasis supplied.)

There has been no such showing here. Even if Section 7605(b) had been violated, it is doubtful that the intervening taxpayers could properly raise it since it is not their records which are the sub-ject matter of the summons. See Application of Magnus, 299 F.2d 335, 337 (2d Cir. 1962).

Therefore, for the reasons set out above, neither the respondent nor the intervening respondents have shown good cause why the summons which is the subject of this action should not be complied with. The respondent, Melvyn R. Bowman, will be ordered to comply with the Internal Revenue summons issued by the petitioner, Special Agent John P. Wright.