294 F.Supp. 1148 (1969)
The PHILADELPHIA HOUSING AUTHORITY, on behalf of itself and all others similarly situated
v.
AMERICAN RADIATOR & STANDARD SANITARY CORPORATION.
LINDY BROS. BUILDERS, INC. of PHILA., et al.
v.
AMERICAN RADIATOR & STANDARD SANITARY CORPORATION et al.
Civ. A. Nos. 41773, 41774.
United States District Court E. D. Pennsylvania.
January 16, 1969.
*1149 Aaron M. Fine, Philadelphia, Pa., for Phila. Housing Authority and other named plaintiffs.
Seymour Kurland, Philadelphia, Pa., for Universal-Rundle.
Lewis H. Van Dusen, Jr. and Patrick T. Ryan, Philadelphia, Pa., for Wallace-Murray.

MEMORANDUM AND ORDER
JOHN W. LORD, JR., District Judge.
On July 29, 1968, this Court entered the following Order:
AND NOW, to wit, this 29th day of July, 1968 A.D., it is ORDERED that Plaintiffs' Motion for Production Of Certain Tape Recordings be and the same is hereby GRANTED, with the following limitation: defendants are to review the copies of the tapes in their possession, edit those portions relating to the narrow issue of attorney-client privilege and transcribe those portions, turning over the balance of the reels and unedited portions of the reels to plaintiffs immediately. It is FURTHER ORDERED that the edited transcripts are to be delivered to this court, within fifteen (15) days from the date of entry of this order, in camera if defendants desire, together with any affidavits and supporting briefs defendants wish to submit relating to the attorney-client issue.
Pursuant to this Order, defendants Universal-Rundle Corporation and Wallace-Murray Corporation submitted the edited portions of the transcript of the tape recordings to this Court, in camera, together with a Motion for an order Denying Discovery of Privileged Tape Recordings. In an accompanying brief, defendants argued that the recordings embody conversations between James C. McKay, Esquire, attorney for the Plumbing Fixtures Manufacturers Association ("PFMA"), an unincorporated trade association, and William F. Kramer, former Secretary of the PFMA. It is these conversations that Universal-Rundle and Wallace-Murray claim are privileged by reason of the attorney-client relationship. It is their contention that there exists between their corporations and McKay a lawyer-client relationship, and that these conversations are privileged under the definition of the lawyer-client privilege.
Universal-Rundle and Wallace-Murray were informed in June, 1965 that McKay had been served with a subpoena to appear before a federal grand jury in Pittsburgh investigating possible violations of the antitrust laws in the plumbing fixture industry. Mr. McKay requested and received a purported waiver of the attorney-client privilege between himself and the association. Universal-Rundle and Wallace-Murray, explicitly refused to waive any attorney-client privilege they claimed existed between McKay and them as members of the association. McKay did not testify as scheduled, but was again subpoenaed in April, 1966. Again, the two members claimed a lawyer-client privilege. McKay, however testified before the Grand Jury on April 21, 1966.
Here, again, in these civil actions Universal-Rundle and Wallace-Murray claim the same privilege.
The threshold question is whether there exists between an attorney representing *1150 an unincorporated association and its individual members a lawyer-client relationship.
Judge Rosenberg of the Western District of Pennsylvania and Judge Dimock of the Southern District of New York have held that each individual member of an unincorporated association is a client of the association's lawyer. See United States v. American Radiator & Standard San. Corp., 278 F.Supp. 608 (W.D.Pa.1967); Schwartz v. Broadcast Music, Inc., 16 F.R.D. 31 (D.C.N.Y. 1954). A careful analysis of the Supreme Court's Opinion in United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944) has not persuaded this Court that the holdings of these district court judges should not be followed. White specifically applies to the privilege against self-incrimination and the ruling therein rests on constitutional considerations.
It is therefore incumbent upon the parties seeking to invoke the lawyer-client privilege to show that the communication in question satisfies the privileged communication standard. The classic definition of attorney-client privileged communication is set forth in United States v. United Shoe Machinery Corp., 89 F.Supp. 357, 358-59 (D.C. Mass.1950). Therein Judge Wyzanski provided:
"The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client."
Accordingly, this Court ordered defendants on December 18, 1968 to submit affidavits, in camera,
setting forth in detail why and how the communications in the tape recordings in question relate to a fact of which the attorney was informed for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not for the purpose of committing a crime or tort.
Upon receipt of the affidavit requested and a reading of it in conjunction with the transcripts of the recordings in question, the Court is not satisfied that the communications embodied therein meet the well-established standards of attorney-client privileged communication. As such, discovery of the contents of these recordings will not be precluded by the Court.
And now, to wit, this 16th day of January, A.D.1969, it is ordered that defendants Universal-Rundle Corporation and Wallace-Murray Corporation's Motion for Order Denying Discovery of Privileged Tape Recordings be and the same is hereby denied.
And it is so ordered.