CONTINENTAL COATINGS CORPO-RATION, an Illinois corporation, Plaintiff,

v.

METCO, INC., a New Jersey corporation, F. H. Ayer Mfg. Co., Inc., an Illinois corporation, and U. S. Metallizing & Welding Corp., an Illinois corporation, Defendants.

No. 68 C 1320.

United States District Court, N. D. Illinois, E. D.

Feb. 6, 1970.

as threatening and inducing infringement of a patent now owned by plaintiff. United States Letters Patent No. 2,904,-449, entitled "Method and Composition for Flame Spraying," was originally issued to the Armour Research Foundation of Illinois Institute of Technology, Chicago, Illinois, now known as the IIT Research Institute (IITRI). Complaint ¶ 6. Subsequently, it was assigned to plaintiff. *Id.*

With respect to the patent in question and pursuant to notice, defendants took the depositions of Donald J. Simpson and Lester Arnold. Both men brought with them certain documents which were mentioned in their respective subpoenas. According to defendants, an attorney, Donald L. Welsh, who is unconnected with either plaintiff or defendants but who purportedly represents IITRI, asserted the attorney-client privilege and refused to permit certain of the produced documents to be inspected and/or copied. Prior to asserting this privilege, Mr. Welsh never filed a motion to quash or modify the subpoenas. Pursuant to Rule 45(f), F.R.Civ.P., defendants have now made a motion to enforce compliance with the subpoenas issued against Simpson and Arnold.

William A. Marshall and Alvin D. Shulman, of Merriam, Marshall, Shapiro & Klose, Chicago, Ill., for plaintiff.

Walther E. Wyss, of Mason, Kolehmainen, Rathburn & Wyss, Chicago, Ill., and Arnold Sprung, of Burgess, Dinklage & Sprung, New York City, for defendants.

Donald L. Welsh, of Anderson, Luedeka, Fitch, Even & Tabin, Chicago, Ill., for IIT Research Institute.

## MEMORANDUM OPINION

Defendants' Motion Under Rule 45

MAROVITZ, District Judge.

This is a patent infringement action in which defendants are allegedly directly and contributorily infringing, as well

As to the methods of enforcing production of the desired documents, defendants have suggested that Simpson and Arnold be directed to permit defendants to inspect the documents or that the two men be directed to submit these documents to the court for an *in camera* inspection designed to determine whether or not the documents may be protected by an attorney-client privilege. In opposing this motion, IITRI contends that defendants must show good cause to justify production of the requested documents for even *in camera* inspection. Its position is that "the production of documents under Rule 45 requires a showing of good cause by a person seeking documents under Rule 34." (IITRI Memorandum in Opposition to defendant's Motion, p. 13.)

■ Discovery under Rule 34, F.R. Civ.P., and Rule 45, F.R.Civ.P., differs in two important respects. First, Rule 34 applies only to parties to the lawsuit, while a subpoena under Rule 45 may be served upon both party and non-party witnesses. Cooney v. Sun Shipbuilding & Drydock Co., 288 F.Supp. 708, 717 (E.D.Pa.1968). Second, while Rule 34 is invoked merely to inspect documents prior to trial, Rule 45 is utilized to compel production of documents for use at depositions or the trial.

■ Of course, the two rules are related. When a subpoena is directed to a litigant, the good cause requirement contained in Rule 34 must be carried over to or read into Rule 45. *Id.*; Fastener Corp. v. Spotnails, Inc., 43 F.R.D. 204, 206 (N.D.Ill.1967); see 5 Moore's Federal Practice ¶¶ 45.05 [2], 45.07 (2d ed. 1969). Otherwise the two rules would not be compatible, and the purposes of Rule 34 would be easily frustrated by resort to Rule 45.

"The above considerations are not relevant with respect to non-party witnesses. Rule 45 is the exclusive means whereby they can be compelled to produce documents, records, writings, etc. either at the taking of a deposition or at trial; hence, there does not exist the potential for frustration of purpose of any other Rules by construing Rule 45 according to the tenor of its terms, as exists in the case of subpoenas to parties. In addition, having no interest in the outcome of the case, arguments as to 'relevancy' and 'materiality' are not appropriate concerns to these witnesses. What are legitimate concerns in most cases are questions of burdensomeness, or expense involved in complying with the subpoena; questions which are properly raised on a motion to quash under Rule 45(b), or for modification of the subpoena pursuant to Rule 30(b). Therefore, I conclude that, ordinarily, when a subpoena duces tecum is issued to a person not party to the action there is no standing on his part to raise the issues of 'good cause', no more so than he could raise the questions of relevancy and materiality."

Cooney v. Sun Shipbuilding & Drydock Co., 288 F.Supp. 708, 717 (E.D.Pa.1968).

■ In sum, defendants do not have to demonstrate good cause under Rule 45 to obtain information. As a nonparty to this action, IITRI must obey the subpoena unless it is quashed or modified for being unreasonable or oppressive. As we indicated earlier, no motion to so quash or modify has been made.

■ It remains possible, of course, that the withheld documents are subject to an attorney-client privilege. We do not think that IITRI waived that privilege when it sold the patent in question to plaintiff. 8 Wigmore Evidence § 2292, at 558 (McNaughton rev. 1961). At the same time, the burden is now on IITRI to show that the attorney-client privilege is in fact applicable to the documents in question. Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp., 294 F.Supp. 1148, 1150 (E.D.Pa.1969). *In camera* inspection of the requested documents is an appropriate procedure by which the documents can be tested against the various requirements of the attorney-client privilege. Sperry Rand v. International Business Machine Corp., 45 F.R.D. 287, 291 (D.Del.1968); Hogan v. Zletz, 43 F.R.D. 308 (N.D.Okl.1967).

Consequently, this court will inspect the documents which IITRI claims are covered by the attorney-client privilege. At the conclusion of that inspection, we will rule on defendants' Rule 45 motion.