**UNITED STATES of America and James W. Meade, Jr., Special Agent of the Internal Revenue Service, Petitioners,**

v.

**J. Donald SCHMIDT, Empire Office Center, Camp Hill, Pennsylvania, et al., Respondents.**

No. 71-398 Civil.

United States District Court,
M. D. Pennsylvania.

March 22, 1972.

As Amended April 28, 1972.

S. John Cottone, U. S. Atty., James W. Walker, Asst. U. S. Atty., Scranton, Pa., for petitioners.

John G. Williams, Keith A. Clark, Shumaker, Williams & Placey, Harrisburg, Pa., for respondents.

SHERIDAN, Chief Judge.

This is an action in which petitioners, the United States of America and James W. Meade, Jr., Special Agent of the Internal Revenue Service, seek judicial enforcement of an Internal Revenue summons pursuant to 26 U.S.C.A. §§ 7402(b) and 7604(a).

On April 1, 1971, Special Agent James W. Meade, Jr., of the Internal Revenue Service, issued an Internal Revenue summons requiring respondent, J. Donald Schmidt, a Certified Public Accountant, to appear and to testify concerning the tax liabilities of Vincent C. McCue for the taxable years 1966, 1967, 1968 and 1969, and with respect to the preparation of the joint tax return of Vincent C. McCue and Elizabeth A. McCue for the taxable year 1969. Respondent, J. Donald Schmidt, refused to answer certain questions propounded to him by Special Agent Meade; he has continued to refuse to answer, asserting both the attorney-client privilege and the privilege against self-incrimination. Petitioners moved the court for enforcement of the summons. This court granted a rule to show cause why Schmidt should not be required to offer testimony in response to the questions submitted to him. A hearing was held at which testimony was taken, briefs were filed, and oral argument was made. Vincent C. McCue and Elizabeth A. McCue, and Shumaker, Williams & Placey, have been permitted to intervene as respondents.

The sole question to which the court presently addresses itself is the applicability of the attorney-client privilege. On the record before the court, the uncontroverted facts are as follows: respondent-taxpayers, Vincent C. McCue and Elizabeth A. McCue, retained respondent-attorneys, Shumaker, Williams & Placey, in August 1969; Shumaker, Williams & Placey employed J. Donald Schmidt, a Certified Public Accountant, on April 1, 1970, subsequent to the establishment of the attorney-client relationship; an agreement was entered into between said attorneys and accountant on April 1, 1970, setting forth the terms and conditions of Schmidt's employment. Pursuant to the aforementioned agreement, all accountant's services were to be performed at the written request of counsel; it was made explicit that Vincent and Elizabeth McCue were the clients of the law firm, and not of the accountant; it was stated that Schmidt's services were required to facilitate an accurate and complete legal consultation between the law firm and its taxpayer-clients in the interest of allowing counsel to furnish informed legal advice; all bookkeeping and accounting records, work papers, schedules and reports relating to the taxpayers were made the exclusive property of the law firm, even if they had been prepared by the accountant and even if they were in the accountant's possession; all billings for accounting services were to be made to the law firm; all information obtained by the accountant while performing accounting services was to be confidential, and the accountant was prohibited from disclosing same without the prior written consent of the law firm or an order of court, the only exception to the confidentiality requirement being the information which actually appeared on the tax return.

It is respondents' contention that the establishment of the foregoing is sufficient in itself to bring the subject matter of the questions propounded to Schmidt within the scope of the attorney-client privilege. Petitioners, on the other hand, argue that the existence of the asserted privilege is contingent upon

the introduction of evidence by respondents tending to show that each specific question which Schmidt refused to answer involves an attempt by petitioners to procure information which has been communicated in confidence between taxpayers, attorney and accountant for the purpose of obtaining legal advice.

In a federal income tax investigation in which a Special Agent of the Internal Revenue Service seeks to enforce a summons in federal court, the question of privilege is a question of federal law. United States v. Finley, 5 Cir. 1970, 434 F.2d 596; Colton v. United States, 2 Cir. 1962, 306 F.2d 633; cf. United States v. Jaskiewicz, E.D.Pa. 1968, 278 F.Supp. 525; United States v. Bowman, M.D.Pa.1964, 236 F.Supp. 548. There is no accountant-client privilege in the federal system. United States v. Bowman, supra. However, there are circumstances in which an accountant may be brought within the ambit of the attorney-client privilege. United States v. Judson, 9 Cir. 1963, 322 F.2d 460; United States v. Kovel, 2 Cir. 1961, 296 F.2d 918; United States v. Cote, D. Minn.1971, 326 F.Supp. 444; United States v. Jacobs, C.D.Cal.1971, 322 F. Supp. 1299; Bauer v. Orser, D.N.D. 1966, 258 F.Supp. 338. As stated in an opinion written by Judge Friendly in United States v. Kovel, supra, what is vital to the assertion of the attorney-client privilege by an accountant is that the information or the records sought to be withheld as privileged contain confidential material transmitted by or to the client for the purpose of obtaining legal advice from the attorney; if what is sought is only accounting services or the advice of the accountant, or if what is transmitted is not material intended to be confidential, no privilege exists. The person seeking to preclude disclosure has the burden of producing evidence sufficient to show the existence of a relationship giving rise to the privilege. In Re Bonanno, 2 Cir. 1965, 344 F.2d 830; Bouschor v. United States, 8 Cir. 1963, 316 F.2d 451; United States v. Kovel, supra; Honeywell, Inc. v. Piper Aircraft Corporation, M.D.Pa.1970, 50 F.R.D. 117. The burden of production is not satisfied by mere conclusory or ipse dixit assertions, for any such rule would foreclose meaningful inquiry into the existence of the privilege. In Re Bonanno, supra. Furthermore, a blanket refusal to testify is unjustified; rather, the privilege must be established with respect to each question sought to be avoided. United States v. Roundtree, 5 Cir. 1969, 420 F.2d 845; Colton v. United States, supra.

Applying the enumerated criteria to the facts of the instant case, this court cannot say with certainty that respondents have met the burden imposed upon them. They have established that the role of the accountant was to facilitate the rendering of legal services. However, they have failed to introduce evidence tending to show that the specific information sought to be withheld is "confidential." Instead, there has merely been a general showing of confidentiality. Rather than attempt to reach a decision on the existing state of the record, it is the opinion of this court that an equitable reconciliation of the competing interests involved is most likely to result if respondents are given an opportunity to submit to the court, for *in camera* inspection, affidavits containing: (1) the facts which would be related in response to each of petitioners' questions but for the existence of the asserted privilege; (2) the factual basis upon which respondents predicate their contention that the information sought to be withheld is confidential. Any such affidavits may address themselves to both of the matters enumerated or to either of them, individually. There is ample precedent for this procedure. In Re Natta, 3 Cir. 1969, 410 F. 2d 187 n. 4; Natta v. Hogan, 10 Cir. 1968, 392 F.2d 686; Groh v. Decker, CA 5691, W.D.Mich., October 27, 1971; Deering Milliken Research Corporation v. Tex-Elastic Corporation, D.S.C.1970, 320 F.Supp. 806; Continental Coatings Corporation v. Metco, Inc., N.D.Ill.1970, 50 F.R.D. 382; Philadelphia Housing

Authority v. American Radiator & Standard Sanitary Corporation, E.D.Pa. 1969, 294 F.Supp. 1148; *cf.* Garner v. Wolfinbarger, 5 Cir. 1970, 430 F.2d 1093; Natta v. Zletz, 7 Cir. 1969, 418 F.2d 633. Accordingly, respondents will be given a reasonable time within which to submit affidavits.