**Markus Allec RICE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 94–C–264–K.

United States District Court,
N.D. Oklahoma.

Dec. 13, 1995.

Stephen C. Wolfe, Wolfe & Vogle, Tulsa, OK, Cindy L. McNeely, Tulsa, OK, for plaintiff.

Peter Bernhardt and Cathryn McClanahan, United States Attorneys, Tulsa, OK, Kathleen Bliss, Dept. of Justice, Criminal Division, Washington, DC, for defendant.

### ORDER

McCARTHY, United States Magistrate Judge.

The Court has before it Plaintiff, Markus Allec Rice's, MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH WITH REQUEST FOR ATTORNEY FEES FOR RESPONDING TO SAME [Dkt. 26]. The Court has reviewed the relevant briefs, [Dkt. 26, 27], and heard argument of counsel at the November 28, 1995 hearing.

### MOTION TO QUASH SUBPOENA

Defendant has issued subpoenas duces tecum to third parties pursuant to Fed.R.Civ.P. 45 to obtain medical records, school records and Social Security records

pertaining to the minor Plaintiff's mother, Angela Rice, in this medical negligence action. The subpoenas were issued after the discovery cut-off date of October 31, 1995. Plaintiff seeks to quash the subpoenas, arguing, *inter alia*, that the records sought are irrelevant, that production would be violative of Ms. Rice's privacy and that the subpoenas are an attempt to circumvent the discovery deadline. Defendant argues that subpoenas issued pursuant to Fed.R.Civ.P. 45 do not constitute discovery within the meaning of Fed.R.Civ.P. 26 and the Court's Case Management Order. Defendant maintains that the discovery deadline should not preclude investigation of Plaintiff's background for impeachment material.

The Court agrees with the general proposition that the discovery deadline does not preclude either party from conducting an investigation for impeachment materials or performing other general trial preparation. However, this case presents more than mere independent investigation. Here the defendant has issued several subpoenas to obtain information it would not be able to obtain without the aid of the subpoena power of the court. Thus, the question is whether the Court's discovery deadline precludes a party's use of the Court's power, i.e. the subpoena, to obtain information not otherwise sought before the close of discovery.

After careful consideration, the Court finds that the Rule 45 subpoenas duces tecum in this case constitute discovery. Rule 26 sets out the general provisions governing the scope and limits of discovery. Rule 26(a)(5) addresses methods of discovery and provides:

> Parties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; **production of documents or things** or permission to enter upon land or other property under Rule 34 or 45(a)(1)(C), for inspection and other purposes; physical and mental examinations; and requests for admission. [emphasis supplied]

Rule 45 addresses the form and issuance of subpoenas. Rule 45(a)(1)(C) sets forth the purposes for which a subpoena may be issued:

> (C) [Every subpoena shall] command each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody or control of that person, or to permit inspection of premises, at a time and place therein specified;

Fed.R.Civ.P. 34(c) addresses production of documents from non-parties, as follows: "A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." The inclusion of references to Rule 45 within Rules 26 and 34 is a clear indication that procuring documents from non-parties can constitute discovery, although Defendant cited cases in which courts have seemingly held to the contrary.

The Defendant cited language from *O'Boyle v. Jensen*, 150 F.R.D. 519 (M.D.Pa. 1993) which suggests that subpoenas directed to third parties are not discovery and therefore are not governed by the discovery deadline. *O'Boyle* held that the discovery deadline only precluded the parties from conducting further discovery addressed to each other or requiring one another's presence or participation. The deadline was not intended to preclude parties from gathering additional information on their own case or that of their opponent through independent lines of inquiry. The *O'Boyle* decision does not attempt to set out a policy for the general treatment of Rule 45 subpoenas issued after discovery deadlines, rather the *O'Boyle* Court was simply giving a general explanation of the intended meaning of its *own* discovery deadline.

The Court likewise finds *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683 (D.Kan.1995), cited by Defendant to be unpersuasive. In *Midland Brake* the court refused to quash a subpoena on the grounds that the discovery deadline had passed. However, in that case the deadline involved was one which the scheduling order set for serving "all requests for production under Fed.R.Civ.P. 34." *Id.* at 686. The Court stated that its order was clear and unambiguous, and that the deadline

applied only to requests served under Rule 34 and not to "discovery under Fed.R.Civ.P. 45." *Id.* By employing the term "discovery" in describing Rule 45 subpoenas, it may be implied that the Court concluded that Rule 45 subpoenas were discovery, but that the Court's deadline only applied to requests for production under Rule 34. The *Midland Brake* case also presents an individual court's explanation of the intended meaning of its own order.

The research conducted by the undersigned United States Magistrate Judge failed to reveal any authority persuasively reasoning that a party should be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced during discovery. However, the Court has found cases in which subpoenas were quashed when they were used as a means to reopen discovery after the cut-off date. *Ghandi v. Police Dept. of City of Detroit,* 747 F.2d 338, 354–5 (6th Cir.1984) (affirming district court's decision to quash subpoena issued on the eve of trial seeking documents available during discovery); *Buhrmaster v. Overnite Transportation Company,* 61 F.3d 461 (6th Cir.1995) (affirming district court's decision to quash subpoena of material that could have been produced through normal discovery where plaintiff used subpoena to circumvent discovery deadline).

In the instant case, the district court set a number of dates at the May 11, 1995 Case Management Conference, including: discovery deadline (10/31/95); dispositive motion and motion in limine deadline (11/16/59); *final* witness and exhibit exchange, including experts (10/2/95). The parties' briefs do not inform the Court exactly when the subpoenas in question were issued, but there is no disagreement that they were issued *after* the witness and exhibit exchange and *after* the discovery deadline. While Rule 45 contains no time limit for its use to procure documents from third parties, neither does Rule 34. However, there has been a time limit imposed by the Court.

With an eye toward reducing expense and delay, Fed.R.Civ.P. 16(b) requires the court to enter an order setting deadlines at an early point in the litigation. According to Rule 16, the deadlines set may not be modified, except upon a showing of good cause and by leave of court. Adherence to the schedule set by the court under Rule 16 serves several general purposes, including sharpening the preparation and presentation of cases, eliminating trial surprise and facilitating the early settlement of disputes. Circumventing the deadlines would thwart these goals. Thus the better reasoned view is that the Rule 45 subpoenas duces tecum at issue before the Court are a form of discovery and, therefore, are subject to the Court's discovery deadline.[1]

The information sought by Defendant through the Rule 45 subpoenas duces tecum should have been obtained during discovery. The undersigned is of the opinion that, by setting a discovery deadline the Court intended to limit the time during which the parties could serve discovery requests or invoke the Court's subpoena power to obtain documents from third parties. If Defendant believed the information to be of importance to its case, it could have attempted to show good cause for modifying the deadlines. Defendant was not free, however, to issue subpoenas duces tecum after the discovery deadline. Accordingly the subpoenas must be quashed as untimely under the Court's Case Management Order.

## MOTION FOR ATTORNEYS FEES

Plaintiff's motion for attorneys fees is denied. Plaintiff's motion fails to comply with N.D.LR 7.1E and 37.1A which require that the first page of any non-dispositive motion contain a statement whether opposing counsel objects to the motion and a certification that counsel for the involved parties have personally met and conferred in good faith concerning resolution of the matter. Plaintiff's motion was subject to being rejected without further consideration for failure to comply with those rules. Moreover, al-

---

**1.** The Court notes that not all uses of Rule 45 subpoenas would constitute discovery and thereby be affected by discovery deadlines. For instance, a Rule 45 subpoena may be employed to secure the production at trial of original documents previously disclosed by discovery.

though Plaintiff sought to quash subpoenas, the motion failed to provide the court with such elementary information as: the date the subpoenas were issued, or served; the identity of the entity to whom subpoenas duces tecum were issued; and the specific materials sought by the subpoenas.

## CONCLUSION

Plaintiff's motion to quash subpoenas [Dkt. 26–2] is GRANTED. The subpoenas duces tecum issued by the defendant after October 31, 1995 are hereby QUASHED and of no further force and effect. Plaintiff's motion for protective order [Dkt. 26–1] is GRANTED. Absent an order of the Court, there shall be no further discovery in this case. Plaintiff's motion for attorneys fees [Dkt. 26–3] is DENIED.

SO ORDERED.