HASBRO, INC., Plaintiff,

v.

George SERAFINO, Joseph Gulluni, Arthur Peckham, ABC Janitorial Service, Inc. and Hampden Battery Service, Inc., Defendants.

Civil Action No. 95–30062–MAP.

United States District Court,
D. Massachusetts.

July 24, 1996.

Anthony Mirenda, Arthur G. Telegen, Nicholas C. Theodorou, Amy B.G. Katz, Foley, Hoag & Eliot, Boston, MA, for Hasbro, Inc.

Morris M. Goldings, Ellen S. Shapiro, Mahoney, Hawkes & Goldings, Boston, MA, for George Serafino, ABC Janitorial Service, Inc., and Hamden Battery Service, Inc.

Bradford R. Martin, Jr., Timothy J. Ryan, Charles V. Ryan, Ryan, Martin, Costello, Allison & Leiter, Springfield, MA, for Joseph Gulluni.

Steven W. Leary, Springfield, MA, for Arthur Peckham.

David G. Cohen, Charles S. Cohen, Egan, Flanagan & Cohen, PC, Springfield, MA, for George R. Ditomassi, Jr.

*MEMORANDUM AND ORDER WITH REGARD TO DEFENDANT JOSEPH GULLUNI'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO DEPOSITION SUBPOENA (Docket No. 72) and PLAINTIFF HASBRO, INC.'S MOTION TO STRIKE (Docket No. 73)*

NEIMAN, United States Magistrate Judge.

In this action, Hasbro, Inc. ("Plaintiff") has alleged that the various defendants conspired

to receive kick-backs and overcharge Plaintiff in relation to services performed by vendors. One of those defendants, Joseph Gulluni ("Defendant"), now seeks to compel Plaintiff to produce certain documents relative to Plaintiff's investigation and review of the costs associated with the construction of a home by Plaintiff's chief executive officer, George Ditomassi. The costs of construction were allegedly paid for by Milton Bradley, an unincorporated division of Plaintiff.

In its opposition, in which it also moves to strike Defendant's motion, Plaintiff asserts that Defendant has failed to comply with either Fed.R.Civ.P. 37(a)(1) or Local Rule 7.1, both of which require a moving party to confer with opposing counsel in a good faith effort to narrow issues before engaging the court in the dispute. The Court agrees with Plaintiff and, for the reasons set forth below, denies Defendant's motion to compel without prejudice. Given that ruling, it is unnecessary to strike Defendant's motion, as Plaintiff requests, and its motion to strike, therefore, is also denied. The Court explains its rulings for the purpose of providing some guidance to the parties.

■ The initial problem surrounding the parties' respective motions arose when the Defendant served a deposition subpoena on Plaintiff pursuant to Fed.R.Civ.P. 45 rather than seeking the production of the very same documents pursuant to Fed.R.Civ.P. 34. In the past, the respective exclusivity of Rules 34 and 45 may not have been as obvious as it is today. See *Continental Coatings Corp. v. Metco, Inc.*, 50 F.R.D. 382, 384 (N.D.Ill.1970) ("Rule 34 applies only to parties to the lawsuit, while a subpoena under Rule 45 may be served upon both party and nonparty witnesses."). While the language of Rule 45, since amended, may still not be crystal clear, it is apparent to this Court that *discovery* of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45. *Contardo v. Merrill Lynch, Pierce, Fenner & Smith*, 119 F.R.D. 622, 624 (D.Mass.1988). But see *Badman v. Stark*,

139 F.R.D. 601, 603 (M.D.Pa.1991) (a Rule 45 subpoena may be served upon both party and non-party witnesses) (citing *Continental Coatings, Corp., supra*). While both Rules 34 and 45 have been amended since United States Magistrate Judge Robert B. Collings issued his decision in *Contardo*, it is evident to this Court that Rule 45, to the extent it concerns discovery, is still directed at non-parties and that Rule 34 governs the discovery of documents in the possession or control of the parties themselves. See also 9A Wright and Miller: Federal Practice and Procedure § 2452 (1995) ("Rule 45 has a close relation to the proper functioning of the discovery rules. Most notably, a subpoena is necessary to compel someone who is not a party to appear for the taking of the deposition.").

Rule 45, as well as the advisory committee notes, are replete with references to non-parties. In fact, the notes to the 1991 amendments presume the Rule's exclusive applicability to non-parties with respect to discovery.[1] Indeed, Rule 34, which unquestionably applies only to parties, illuminates the scope of Rule 45 when it directs that "[a] person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." Fed.R.Civ.P. 34(c). In addition, in describing the relationship between Rule 34 and other discovery rules, at least one commentator indicates that "[i]f documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness [pursuant to Rule 45]." 8A Wright, Miller & Marcus: Federal Practice and Procedure § 2204 (1994).

In the present matter, Plaintiff notified Defendant of its belief that Rule 45 was "an inappropriate vehicle to obtain document discovery from a *party* such as Hasbro, given the specific procedures for such discovery provided in Rule 34." See Motion to Compel Production of Documents Pursuant to Deposition Subpoena, Exhibit B (letter from An-

---

1. The only references to a responding "party" in Rule 45 are in section c(3) which mentions "an officer of a party." It appears, however, that those references have more to do with compel-

ling an adversary to attend trial as a witness than the production of documents for purposes of discovery. See Fed.R.Civ.P. 45(c) advisory committee's notes (1991).

thony Mirenda to Timothy J. Ryan, April 10, 1996) (emphasis in original). Subsequently, Plaintiff also notified Defendant that it would respond to the subpoena "as if the documents had been requested pursuant to [Rule 34]." Id. (letter from Anthony Mirenda to Timothy J. Ryan, April 24, 1996).[2]

Defendant, on the other hand, has not addressed the distinction between Rules 34 and 45, but has treated his subpoena, as he must, as discovery from a party. In addition, Defendant makes reference to Plaintiff's obligation pursuant to Rule 26(b)(5)—which Defendant asserts has been breached—to describe the nature of the documents not produced in a manner that will enable him to assess the applicability of the privileges claimed. See Defendant's Motion to Compel Production of Documents, at 3 n. 2, 4.

 Given this posture, it is clear to the Court that Defendant has not fully complied with either the federal or local rules regarding consultation with opposing counsel prior to filing his motion. First, the local rules require that, before filing *any* motion, counsel must "certify that they have conferred and have attempted in good faith to resolve or narrow the issue." Local Rule 7.1(A)(2). In addition, the Federal Rules set out specific requirements for a party filing a motion to compel: "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." Fed.R.Civ.P. 37(a)(2)(A). In this Court's opinion, the discovery sought by Defendant under Rule 45, even though mistakenly applied, falls within the Rule 37 mandate requiring certification.

Finally, Local Rule 37.1 elaborates on the certification requirement and establishes that, "[b]efore filing any discovery motion," counsel for the moving party must arrange a conference in order to attempt in good faith to narrow the areas of disagreement. L.R. 37.1(A). Only if the parties fail to agree, or if the opposing counsel fails to appear at a requested discovery conference, can a mov-

ing party file a motion to compel. Id. If such a motion is filed, it must include a certification that L.R. 37.1(A) was complied with, together with a statement of the reasons why a discovery conference was not held or was not successful. Id. See also Fed.R.Civ.P. 37(a)(2)(B).

As Plaintiff correctly asserts, Defendant's motion to compel fails to comply with these requirements. This deficiency is particularly problematical here for two reasons. First, at least one purpose of the rules is to avoid premature motions. It appears from the documents of record, that counsel had been conferring about the document request and had not yet reached an impasse in the discussions before the motion was filed—at least as far as Plaintiff was aware. In fact, on June 13, 1996, four days *before* the motion to compel was filed, Plaintiff's counsel, in apparent receipt of a draft of Defendant's motion to compel, wrote to Defendant's counsel and opined that the proposed motion would be premature for a variety of reasons. That Defendant's counsel, in reaction, may have considered the entire matter to be at an impasse, which is not evident on the record, does not excuse the failure to include the necessary certification with this Court.

Second, the purpose of a full consultation pursuant to Local Rule 37.1(A) is to enable the parties to attempt to narrow, if not resolve, their dispute. It is not up to the Court to expend its energies when the parties have not sufficiently expended their own. The rules are purposeful, not arbitrary. Yet, here, the rules have been slighted in a variety of ways. Documents were sought from a party through Rule 45 instead of Rule 34, resulting in turn in an insufficient response pursuant to Rules 34(b) and 26(b)(5) with respect to the privileges claimed. Finally, as described, the necessary certifications were absent. This makes it difficult, if not impossible, for the Court to rule at this time on the substance of the motion to compel, however meritorious.

**2.** Nonetheless, Plaintiff also informed Defendant that it would "expect advance payment of its costs of production in accordance with Rule 45," id. (April 10, 1996 letter), and that its reply to the subpoena would be "by letter (rather than Rule 34 response)," id. (April 24, 1996 letter).

Accordingly, Defendant's motion to compel is DENIED, without prejudice, and Plaintiff's motion to strike is DENIED. Should the parties wish the Court to rule on the substance of the discovery withheld, the Court must have before it a motion which complies with the rules, as above described and, in particular, Fed.R.Civ.P. 26(b)(5), and L.R. 37.1(B)(4) and (5).

IT IS SO ORDERED.

DATED: July 24, 1996.