**Stephen D. DREYER, and Roberta M. Dreyer, Plaintiffs,**

v.

**GACS INC., et al., Defendants.**

**No. 1:01CV373.**

United States District Court, N.D. Indiana, Fort Wayne Division.

Oct. 23, 2001.

---

Shawn P. Ryan, Boveri, Murphy, Rice, Ryan & LaDue, South Bend, IN, David P.

Marcus, Webster Szanyi LLP, Buffalo, NY, for plaintiffs.

Kevin K. Fitzharris, Barrett and McNagny, Fort Wayne, IN, David E. Larson, Larson & Larson PC, Kansas City, MO, for defendants.

## *ORDER*

COSBEY, United States Magistrate Judge.

This matter is before the Court on the Defendants' Motion to Enforce Subpoena Duces Tecum filed September 28, 2001. On October 16, 2001, the Plaintiffs filed a response memorandum, and on October 22, 2001, a hearing was held by telephone. For the following reasons, the Defendant's Motion to Enforce Subpoena Duces Tecum will be DENIED.

## PROCEDURAL AND FACTUAL BACKGROUND

The Plaintiffs, Stephen D. Dreyer ("Stephen") and Roberta M. Dreyer (collectively, "the Plaintiffs") commenced this products liability suit in the United States District Court for the Western District of New York in February 1998.[1] After considerable discovery, Magistrate Judge Leslie G. Foschio issued a scheduling order on February 22, 2000 (*see* Pls.' Res. Br. Ex. B), mandating that all further discovery be completed by September 29, 2000, with all expert discovery to be completed by January 30, 2001. *See* Fed.R.Civ.P. 16(b)(3).

On April 21, 2001, the Defendants issued a subpoena duces tecum from this Court to Dr. Jay Patel, Stephen's psychiatrist, for the production of Stephen's patient records.[2] On April 26, Dr. Patel's office and Plaintiffs' counsel responded with written objections under Fed.R.Civ.P. 45(c)(2)(B), and the Defendants subsequently withdrew the subpoe-

---

1. To oversimplify, this case involves Stephen's fall from a trailer manufactured by the Defendants. His wife's claim is for loss of consortium.

2. The subpoena commands the production of: "1. Any and all medical records, x-rays, MRI's, and CT scans and any other records, correspondence, prescriptions, and other documents in your care, custody or control which pertain to

Steven D. Dreyer. 2. All reference material in Dr. Jay Patel's office or in the Hobson Psychiatric Clinic that pertain to Depakote and Ritalin, including, but not limited to, any information about side effects of these drugs taken independently or in concert with each other." (Pls. M. to Enforce Subpoena Duces Tecum Ex. A.)

na.[3] However, on August 21, 2001, the Defendants issued an identical subpoena, the subject of this dispute, and on September 24, 2001, Dr. Patel's office submitted the same objection.

The Defendants now request enforcement of the subpoena and contend that Stephen's medication history, the principal thrust of the subpoena, and his psychiatric records are not privileged under New York law. In response, the Plaintiffs argue that Stephen's patient records are both privileged and irrelevant, and non-discoverable in any event because the time for discovery is over. In fact, the Plaintiffs feel so strongly about the point that they even request Rule 11 sanctions. *See* Fed.R.Civ.P. 11. The Defendants' reply in the alternative: they contend that this is trial evidence, not discovery, but even if it is, it is not out-of-time because it is expert discovery.

## DISCUSSION

We start with the simple observation that this Court is the proper forum to rule on a motion to enforce the subpoena duces tecum because the subpoena issued from here and because the documents sought by the Defendants are located in Fort Wayne, Indiana.[4] Fed.R.Civ.P. 45(a)(2); *see, e.g., Bueker v. Atchison, Topeka and Santa Fe Ry. Co.*, 175 F.R.D. 291, 292 (N.D.Ill.1997). Moreover, because this matter can be easily resolved by addressing whether the Defendants' Rule 45 subpoena properly constitutes discovery, and thus subject to a Rule 16(b)(3) scheduling order, we will not go further and tackle the relevancy and privilege issues raised by the parties.

Generally, the federal courts that have faced the issue of whether pre-trial subpoe-

nas are discovery fall into one of two camps. *See* Randolph Stuart Sergent, *Federal Document Subpoenas and Discovery Deadlines*, 34–Oct. MD. B.J. 54 (2001). Most courts hold that a subpoena seeking documents from a third-party under Rule 45(a)(1)(C) is a discovery device and therefore subject to a scheduling order's general discovery deadlines. *Id.* at 58 ("The clear recent trend is to treat Rule 45 subpoenas as a discovery device governed by the discovery deadline."). *See, e.g., Alper v. United States*, 190 F.R.D. 281, 283 (D.Mass.2000); *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D.Cal.1999); *Marvin Lumber and Cedar Co. v. PPG Industries, Inc.*, 177 F.R.D. 443 (D.Minn.1997); *Rice v. United States*, 164 F.R.D. 556 (N.D.Okl.1995). However, a few courts consider Rule 45 as only applying to third parties, leading to the proposition that such subpoenas are not "discovery" within the meaning of Rules 26 and 34. Sergent, *supra*, at 57. *See, e.g., O'Boyle v. Jensen*, 150 F.R.D. 519, 520 (M.D.Pa.1993); *Multi–Tech Systems v. Hayes Microcomputer Products*, 800 F.Supp. 825, 854 (D.Minn. 1992), *app. dismissed*, 988 F.2d 130 (Fed.Cir. 1993).

After considering both views, we believe that Rule 45 subpoenas constitute "discovery" within the meaning of Rules 26 and 34 and, as a result, the subpoena here runs afoul of Magistrate Judge Foschio's discovery schedule. To start, Rule 26(a)(5) catalogues "discovery by one or more of the following methods: depositions[;] ... written interrogatories; production of documents ... under Rule 34 or 45(a)(1)(C)[;] ... physical and mental examinations; and requests for admission." Fed.R.Civ.P. 26(a)(5). Indeed, Rule 34(c) specifically provides that a "per-

---

**3.** Stephen has standing to object to the subpoena because of his claim of privilege over the documents sought. *See Minnesota Sch. Bds. Ass'n Ins. Trust v. Employers Ins. Co. of Wausau*, 183 F.R.D. 627, 629 (N.D.Ill.1999) (stating that a party has standing to object to a subpoena directed at a non-party only when the party claims a "personal right or privilege" over the documents sought).

**4.** Neither party has requested that we transfer the current motion to the Western District of New York. Moreover, while some district courts

in this Circuit view such transfers as discretionary, *see In re Subpoenas Duces Tecum to: Schneider Nat'l Bulk Carriers, Inc.*, 918 F.Supp. 272, 273 (E.D.Wis.1996), the Seventh Circuit frowns on the practice. *See In re Orthopedic Bone Screw Prods. Liab. Litig.*, 79 F.3d 46, 48 (7th Cir.1996) (stating "it is not clear to us that any provision in the Judicial Code or the Rules of Civil Procedure allows a district judge to transfer a particular motion for decision elsewhere."); *Kearney v. Jandernoa*, 172 F.R.D. 381, 382–83 (N.D.Ill.1997).

son not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." Fed.R.Civ.P. 34(c). "The inclusion of references to Rule 45 within Rules 26 and 34 is a clear indication that procuring documents from non-parties can constitute discovery." *Rice,* 164 F.R.D. at 557.

Although neither Rule 45 nor Rule 34 contains any time limit within which to procure documents from third parties, *see Rice,* 164 F.R.D. at 557–58, this Court, like *Rice,* does not believe "that a party should be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced during discovery." *Id.* at 558; Charles Alan Wright & Arthur R. Miller, 9A *Fed. Prac. & Proc.* § 2452 (Supp. 2001).

In short, "Rule 45 Subpoenas, which are intended to secure the pre-trial production of documents and things, are encompassed within the definition of 'discovery,' as enunciated in Rule 26(a)(5) and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery." *Marvin Lumber,* 177 F.R.D. at 443. "[T]o allow a party to continue with formal discovery—that is, discovery which invokes the authority of the Court—whether in the guise of Rule 45, or any of the other discovery methods recognized by Rule 26(a)(5), after the discovery deadline unnecessarily lengthens [the] discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for Trial[.]" *Id.* at 445; *cf. In re Application of Time, Inc.,* 1999 WL 804090, at *7 (E.D.La. Oct. 6, 1999) (holding that subpoenas duces tecum "are discovery devices which, although governed in the first instance by Rule 45, are also subject to the parameters established by Rule 26.").

Nevertheless, the Defendants contend that even if deemed "discovery," the subpoena is timely because it is part of expert discovery under Fed.R.Civ.P. 26(a)(2). Specifically, the Defendant contends that their expert pharmacologist needs to see Stephen's psychiatric records before she can offer an opinion as to how his medications may have contributed to his fall. However, this contention is difficult to square with a scheduling order that provides for the filing of all motions to compel expert discovery by November 17, 2000, with all expert discovery to end by January 30, 2001. In short, both subpoenas directed to Dr. Patel, and most certainly the second one, issued after the close of expert discovery.

Moreover, we find it difficult to understand how this is true expert discovery in any event. As we see it, the Defendants seek these documents so their expert can formulate an opinion, and in that regard, the information sought is factual and, thus, no different than any other factual discovery one normally obtains for an expert to review. *See* Fed.R.Civ.P. 26(a)(2)(B) ("The [expert] report shall contain ... the data or other information considered by the witness in forming the opinions[.]").[5] Therefore, since all discovery is over, this subpoena cannot be enforced.[6]

Finally, the Plaintiffs ask for Rule 11 sanctions against the Defendants for filing this motion. However, by its very terms Rule 11 does not apply to discovery disputes, and therefore, the request must be denied. *See* Fed.R.Civ.P. 11(d).

### *CONCLUSION*

Therefore, for the foregoing reasons, the Defendants' Motion to Enforce Subpoena Duces Tecum is DENIED, and the Plaintiffs' request for Rule 11 sanctions is DENIED.

---

**5.** According to the scheduling order, the Defendants' expert report was due by November 28, 2000. Consequently, the pharmacologist probably should have had the Patel records a year ago in order to make a timely report.

**6.** As the "ancillary" court, we recognize Magistrate Judge Foschio's discovery deadlines as a matter of comity and accommodation to the trial court. Stated another way, the Defendants discovery rights are no greater here than they are in the Western District of New York. *See Fincher v. Keller Indus., Inc.,* 129 F.R.D. 123, 125 (M.D.N.C.1990); 28 *Fed. Proc., L.Ed.* § 65:275 (1996).