No. 17-0206 -     *Terri L. Smith and Kenneth W. Smith v. Robert Gebhardt, Michael Coyne, and Triple S&D, Inc.*

**FILED**

**April 6, 2018**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Davis, J., concurring:

In this proceeding, the majority opinion concluded that the trial court abused its discretion in dismissing the Petitioners' case as a sanction for not serving a subpoena properly under Rule 45 of the West Virginia Rules of Civil Procedure. I agree with the reasoning of the opinion and its conclusion. I have chosen to write separately to address an issue the majority opinion made reference to in passing. That issue is whether a Rule 45 subpoena duces tecum may be served on a party.[1]

### *Serving a Rule 45 Subpoena Duces Tecum on a Party*

The majority opinion noted that the parties did not brief the issue of whether Rule 45 could be used to serve a subpoena duces tecum on a party *for trial purposes*. The parties and the trial court assumed that this was permitted under Rule 45, if properly done. This is an issue that has never been squarely addressed by this Court. The applicable provision of the rule is found in Rule 45(b)(1) as follows: "Prior notice of any commanded

---

[1]The majority opinion also referenced W. Va. Code § 57-5-3 (1923) (Repl. Vol. 2012). This statute concerns issuance of a trial subpoena duces tecum on a party. As I explain in this concurrence, Rule 45(b)(1) should be relied upon, and not the statute, under the limited circumstances in which a party may serve a trial subpoena duces tecum on another party.

1

production of documents and things or inspection of premises before trial shall be served on

each party in the manner prescribed by Rule 5(b)." This provision of the rule, and Rule 45

in general, is patterned after a former version of federal Rule 45.[2] Therefore, I will look to

federal decisions for guidance on this issue. *See Aluise v. Nationwide Mut. Fire Ins. Co.*, 218

W. Va. 498, 504, 625 S.E.2d 260, 266 (2005) ("Our Rule 56 is patterned after Rule 56 of the

Federal Rules of Civil Procedure. Therefore, we look to Federal law for guidance.")

A minority of federal courts hold that a Rule 45 subpoena duces tecum may not

be served on a party. The leading case supporting the limitations on Rule 45 is *Hasbro, Inc.*

*v. Serafino*, 168 F.R.D. 99 (D. Mass. 1996). The decision in *Hasbro* explained its position

as follows:

> [I]t is apparent to this Court that *discovery* of documents from
> a party, as distinct from a non-party, is not accomplished
> pursuant to Rule 45. . . . Rule 45, to the extent it concerns
> discovery, is . . . directed at non-parties and . . . Rule 34 governs
> the discovery of documents in the possession or control of the
> parties themselves. See also 9A Wright and Miller: Federal
> Practice and Procedure § 2452 (1995) ("Rule 45 has a close
> relation to the proper functioning of the discovery rules. Most

---

[2]Our rule was patterned after the 1991 version of federal Rule 45. The current version of federal Rule 45 contains amendments from 2007 and 2013 that now make it substantially different from our rule. Even so, the majority of federal courts are still interpreting the current version of federal Rule 45, regarding a subpoena duces tecum on a party, in the same manner as they did prior to the 2007 and 2013 amendments. This is because the substance of former federal Rule 45(b)(1) is now contained in federal Rule 45(a)(4).

notably, a subpoena is necessary to compel someone who is not a party to appear for the taking of the deposition.").

Rule 45, as well as the advisory committee notes, are replete with references to non-parties. In fact, the notes to the 1991 amendments presume the Rule's exclusive applicability to non-parties with respect to discovery. Indeed, Rule 34, which unquestionably applies only to parties, illuminates the scope of Rule 45 when it directs that "[a] person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." Fed.R.Civ.P. 34(c). In addition, in describing the relationship between Rule 34 and other discovery rules, at least one commentator indicates that "[i]f documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness [pursuant to Rule 45]." 8A Wright, Miller & Marcus: Federal Practice and Procedure § 2204 (1994).

*Hasbro*, 68 F.R.D. at 100 (citations and footnote omitted). *See also Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000) ("Given the fact that Dr. Becker is Defendant's expert, the documents which Plaintiff seeks from him may be considered to be within Defendant's control. Hence, Rule 34, not Rule 45, would appear to apply.")*; Gomez on Behalf of "YHL" v. Normand*, Civil Action No. 16-17046, 2017 WL 2868850, at *2 (E.D. La. July 5, 2017) ("[T]he Court in this District and others in this Circuit have disallowed the improper use of a Rule 45 subpoena to obtain information or documents more properly discovered under Federal Rule of Civil Procedure 33 or 34.").

By contrast, "[a] majority of district courts have held . . . that a [Rule 45] subpoena may be served on another party so long as it is not used to circumvent rule 34 or

the other discovery rules." *United States v. 2121 Celeste Rd. SW, Albuquerque*, N.M., 307 F.R.D. 572, 588 (D.N.M. 2015). The court in *Mortgage Information Servs., Inc. v. Kitchens*, 210 F.R.D. 562 (W.D.N.C. 2002), provided the following explanation of why a Rule 45 subpoena duces tecum may be served on a party:

> [T]he text of Rule 45 itself . . . reveals that there is no express limitation on the type of person who may be subject to the rule, as its language describes the individual upon whom a Rule 45 subpoena may be served simply as a "person" rather than a "non-party." Had the drafters of Rule 45 intended to restrict its scope to non-parties, they could easily have done so. Indeed, the separate and distinct use of the terms "person" and "person who is not a party" in the text of Rule 45 clearly demonstrates that the drafters were aware of the effect they would have on the scope of the rule's various provisions.

> For example, the drafters limited the type of person eligible to serve a Rule 45 subpoena by stating in subsection (b)(1) that service may only be accomplished by a "person who is not a party" and is over the age of eighteen. Fed.R.Civ.P. 45(b)(1). They nevertheless elected not to use similar language in describing those subject to service under subsections (a), (c), (d), and (e). The Court must therefore conclude that this was a conscious choice, and that Rule 45, by its terms, was intended to apply to parties and non-parties alike.

*Mortgage*, 210 F.R.D. at 565.

A party does not have unbridled discretion in serving a Rule 45 subpoena duces tecum on another party. "Rule 45 subpoenas may be employed in advance of trial and outside of a discovery deadline for the limited purposes of memory refreshment, trial preparation, or to secure for the use at trial original documents previously disclosed by

discovery." *Circle Grp., L.L.C. v. Southeastern Carpenters Reg'l Council*, 836 F. Supp. 2d 1327, 1352 (N.D. Ga. 2011). *See also Gaudin v. Remis*, SPKLEK, 2007 WL 294130, at *3 (D. Haw. Jan. 29, 2007) ("This Court . . . concludes that a Rule 45 subpoena may be served on a party."); *First City, Texas-Houston, N.A. v. Rafidain Bank*, 197 F.R.D. 250, 255 n.5 (S.D.N.Y. 2000) ("While a Rule 45 subpoena is typically used to obtain the production of documents and/or testimony from a non-party to an action (whereas Rules 26–37 provide simpler means for obtaining the same from a party), nothing in the Federal Rules of Civil Procedure explicitly precludes the use of Rule 45 subpoenas against parties."); *Puritan Inv. Corp. v. ASLL Corp.*, No. Civ. A. 97-1580, 1997 WL 793569, at *1 (E.D. Pa. Dec. 9, 1997) ("Trial subpoenas may be used to secure documents at trial for the purpose of memory refreshment or trial preparation or to ensure the availability at trial of original documents previously disclosed by discovery."); *Rice v. United States*, 164 F.R.D. 556, 558 n.1 (N.D. Okla. 1995) ("For instance, a Rule 45 subpoena may be employed to secure the production at trial of original documents previously disclosed by discovery."); *Badman v. Stark*, 139 F.R.D. 601, 603 (M.D. Pa. 1991) ("[A] subpoena under Rule 45 may be served upon both party and non-party witnesses."); *Cooney v. Sun Shipbuilding & Drydock Co.*, 288 F. Supp. 708, 717 (E.D. Pa. 1968) ("Rule 45 permits both party and nonparty witnesses to be served with subpoenas duces tecum."). A Rule 45 subpoena duces tecum on a party should be used in this limited manner; because, "[t]o find otherwise would encourage litigants to routinely disregard discovery deadlines, and instead seek documents, via subpoena, outside of the

discovery period by merely asserting that the documents are necessary for trial preparation."

*Abrams v. Ciba Specialty Chems. Corp.*, 265 F.R.D. 585, 589 (S.D. Ala. 2010).

Courts that allow a Rule 45 subpoena duces tecum to be used against a party have recognized that using Rule 45 on a party may conflict with Rule 34; therefore, the two rules must be read together. One court explained the matter as follows:

> Discovery under Rule 34 [production of documents], and Rule 45; . . . differs in two important respects. First, Rule 34 applies only to parties to the lawsuit, while a subpoena under Rule 45 may be served upon both party and non-party witnesses. . . . Second, while Rule 34 is invoked merely to inspect documents prior to trial, Rule 45 is utilized to compel production of documents for use at depositions or the trial.
>
> Of course, the two rules are related. When a subpoena is directed to a litigant, the good cause requirement contained in Rule 34 must be carried over to or read into Rule 45. . . . Otherwise the two rules would not be compatible, and the purposes of Rule 34 would be easily frustrated by resort to Rule 45.

*Continental Coatings Corp. v. Metco, Inc.*, 50 F.R.D. 382, 384 (N.D. Ill. 1970).

The decision in *Mortgage* provides a good illustration of a party attempting to use a Rule 45 subpoena duces tecum on another party to circumvent the discovery cutoff date:

> After a careful review of the document request submitted in conjunction with Plaintiff's subpoena duces tecum in this case, the Court finds that the documents requested are

6

unquestionably sought for discovery purposes and therefore do not fall within any of the exceptions described above. In reaching this conclusion, the Court notes the broad language used in the document request, which seeks the production of entire categories of documents rather than itemizing specific documents necessary for use as exhibits at trial. Furthermore, the Court also notes as significant the fact that the documents sought in the subpoena were requested—but not produced—during the course of discovery. Plaintiff nevertheless failed to seek to compel the production of these documents prior to the close of discovery. It therefore waived its right to obtain access to them. . . . Finally, Plaintiff, through its submissions with respect to this issue, concedes that it seeks these documents "because it believes the documents will corroborate its damages evidence" . . ., thereby indicating that the documents are clearly sought as discovery rather than for any of the legitimate trial preparation purposes outlined above.

The Court also is not persuaded by Plaintiff's argument that it failed to properly file a motion to compel the production of these documents prior to the August 17, 2001, discovery cutoff because it believed that such a motion would jeopardize the then-scheduled trial date of September 24, 2001. The discovery deadline lapsed more than five weeks prior to the initial trial date. The Court therefore fails to see how the timely filing of a motion to compel would have required a re-scheduling of that date. Indeed, the subpoena currently at issue, which requests substantially the same documents that would have been the subject of a motion to compel, was filed and served by Plaintiff only five days prior to the current trial date. Accordingly, the Court concludes that a denial of further discovery is appropriate in this case. . . .

*Mortgage*, 210 F.R.D. at 567-68 (footnote and citations omitted).

In the final analysis, all federal courts agree that "[a] Rule 45 trial subpoena . . . cannot be substituted for an untimely Rule 34 document request." *Dear v. Q*

*Club Hotel, LLC*, Case No. 15-60474-CIV-COHN/SELTZER, 2017 WL 5665357, at *2 (S.D. Fla. May 18, 2017).  Because of this, I believe that when the proper case presents itself to this Court, the majority view of service of a Rule 45(b)(1) subpoena duces tecum on a party should be adopted.  As previously mentioned, in the instant proceeding the parties did not brief this issue.  Therefore, the majority opinion properly did not address the matter.

In view of the forgoing, I concur.