Michael **HATCHER,** Plaintiff,

v.

**PRECOAT METALS,** a division of Sequa Corporation, a Delaware Corporation, et al., Defendants.

Civil Action No. 2:10:cv–1099–PWG.

United States District Court,
N.D. Alabama,
Southern Division.

Dec. 16, 2010.

Chevene N. Hill, Homewood, AL, for Plaintiff.

Brian C. Hey, James N. Foster, Jr., McMahon Berger, P.C., St. Louis, MO, Wil-

liam M. Acker, III, Birmingham, AL, for Defendants.

### ORDER

PAUL W. GREENE, United States Chief Magistrate Judge.

■ This matter is before the court for consideration of the motion of defendant Precoat Metals to quash a subpoena purportedly served in accord with the provisions of Rule 45, *Federal Rules of Civil Procedure.* (Doc. # 9). The subpoena seeks documents which, by their nature, are otherwise discoverable under Rule 34. (Doc. # 18). The defendant argues that the scheduling order required that discovery be commenced in order to be completed by December 31, 2010. (See doc. # 9). The Rule 45 subpoena was served on counsel, not Precoat Metals, on December 8, 2010, and merely seeks documents related to the plaintiff's substantive claims as identified at the time of the scheduling order. The defendant contends that the subpoena as filed requires the production of documents and in effect precludes the timely assertion of objections to the requests. The defendant avers that plaintiff has had six and one-half months in order to obtain the same information under Rule 34 or other provisions within the ambit of Rule 26 discovery and has not done so. The defendant asserts that the Rule 45 subpoena is an attempt to circumvent the requirements of Rule 34.

In general, a Rule 45 subpoena is a discovery vehicle to be used against non-parties to, among other things, obtain documents relevant to a pending lawsuit. F.R.Civ.P. 34(c). Rule 45 must be read in conjunction with Federal Rule of Civil Procedure 26 because the latter rule "clearly defines the scope of discovery for all discovery devices." 9 Wright & Miller, *Federal Practice and Procedure;* Civil 3rd § 2452 (3rd ed. 2008). A party may use a Rule 45 subpoena to obtain "discovery regarding any non-privilege matter that is relevant to any party's claim or defense." F.R.Civ.P. 26(b)(1). A non-party subject to a subpoena has 14 days from service to raise any objections. F.R.Civ.P. 45(c)(2)(B).

■ Parties are permitted to issue trial subpoena duces tecum to another party but only for the purposes of securing materials for memory refreshment, trial preparation or to ensure the availability at trial of original records previously disclosed in discovery. *Puritan Investment Corporation v. ASLL Corp.,* 97 U.S. Dist. Lexis 19559, 1997 WL 793569 at *1 (E.D.Pa.1997). See also *Rice v. United States,* 164 F.R.D. 556, 558 n. 1 (N.D.Okla.1995) (Rule 45 subpoena duces tecum cannot be used as a form of discovery to circumvent deadlines; however, a Rule 45 subpoena duces tecum may be employed to secure the production at trial of original documents previously disclosed by discovery.); see also *Dees v. Hyundai Motor Manufacturing Alabama, LLC,* 2008 U.S. Dist. Lexis 23710, 2008 WL 821061 (M.D.Ala.2008) (Subpoena seeking employment records properly considered as a discovery device and as such was untimely because it was served after the discovery deadline).[1]

While the scope of the subpoena for production is the same as Rule 34, the purposes for Rule 45 differ from those of Rule 34. See e.g. *Southeastern Mechanical Services v. Brody,* 2009 WL 3095642 (N.D.Ga.2009). Rule 45(c)(3) affords the court the authority to quash or modify a subpoena when the subpoena fails to allow a reasonable time to comply or subjects the person to undue burden. Unlike Rule 34 which affords the responding party any opportunity to file objections to the request, the appropriate remedy as is sought here is a motion to quash. *Rivertree Landing v. Murphy,* 2007 WL 3333357 (M.D.Fla.2007). The defendant asserts procedural defects in that (1) the subpoena was served on counsel rather than upon the respondent as required by the rule; (2) the Rule 34 provisions which afford the opportunity to file objections would be thwarted if the same material could be obtained pursuant to Rule 45 with its shortened period for objections and (3) there is an undue burden to require a party to produce at the virtual

---

1. A properly served Rule 34 request for production of documents can also ask the court to shorten the time for response. Rule 34(b)(2)(A). Plaintiff, however, did not seek relief under Rule 34.

last minute materials appropriately subject to the more orderly process of Rule 34 as anticipated by the scheduling order.

The defendant's argument for the purposes of Rule 45 appears to be well taken. The court expresses no view on whether there are or were other remedies available to the plaintiff. The problem appears to have been of its own making. The fact that the plaintiff chose to proceed under Rule 45, at least arguably suggests that plaintiff recognized he had been dilatory in making the discovery requests set out in a Rule 45 subpoena. This conclusion is buttressed by the garden variety nature of the materials sought from the defendant by means of the Rule 45 subpoena. Even a cursory reading of the subpoena clearly establishes that the documents sought are, without question, the basic bare bones requests that would have been appropriate under Rule 34 six and one-half months ago. In light of the foregoing, the defendant's motion to quash the Rule 45 subpoena is due to be and the same is hereby GRANTED.